Herman Seele et al. v. The State, ex rel. B. Roether.

No. 39.

1. **Jurisdiction of District Court.** — The clause in the Constitution of the State (article 5, section 8) prescribing that "said courts (District Courts) and the judges thereof shall have power to issue writs of habeas corpus in felony cases, mandamus, injunction, certiorari, and all writs necessary to enforce their jurisdiction," and the legislation on the subject, do not confer upon said courts a supervisory control over Justice Courts, as was given by the Constitution of 1845 and that of 1869.

2. **Writ of Prohibition.** — The District Courts of the State, under the present Constitution of the State, do not have jurisdiction to grant and perpetuate a writ of prohibition against proceedings about to be had in a Justice Court.

Appeal from Comal.   Tried below before Hon. T. M. Paschal.

*John Ireland* and *W. R. Neal*, for appellants.— 1. A void judgment may be annulled by a direct proceeding for that purpose in the court where it was rendered, and services and process issued upon it could by that court be set aside or quashed. Rev. Stats., art. 1644; Tendrick v. Shea, 1 Ct. App. C. C., sec. 913; Lackie v. Bramlett, 1 Ct. App. C. C., sec. 1130.

2. The District Court had original jurisdiction of neither the subject matter, which was a proceeding in the Justice Court that rendered a judgment to set said judgment aside, nor of the amount in controversy, which was $200 exclusive of interest; and said District Court had not acquired appellate jurisdiction; and said District Court could issue a prohibition only when necessary to enforce its own jurisdiction, and was without jurisdiction in this case.   Const., art. 5, sec. 8; Rev. Stats., art. 1123; Smith v. Ryan, 20 Texas, 664; Browne v. Rowe, 10 Texas, 184; Lackie v. Bramlett, 1 Ct. App. C. C., sec. 1129; Jones v. Stallsworth, 55 Texas, 138; Halcomb v. Kelly, 57 Texas, 618; Smith v. Whitney, 116 U. S., 176; 104 U. S., 21.

3. The petition discloses that relator had an appeal to the District Court of Comal County to correct any erroneous judgment which he anticipated the justice might render; and where another remedy exists prohibition will not lie.   Rountree v. Walker, 46 Texas, 201; Long v. Anderson, 1 Ct. App. C. C., sec. 1161; McMahan v. Dennis, 1 Ct. App. C. C., sec. 1209; Railway v. Reynolds, 89 Mo., 146; Mastin v. Sloan, 11 S. W. Rep., 558; 10 Am. and Eng. Encyc. of Law, 884, note 4.

*J. D. Gwinn*, for appellee.—The justice of the peace, Hermann Seele, had no jurisdiction of cause No. 150, the object of which was to annul or set aside a valid judgment, rendered before his predecessor, which be-

came final more than five months before proceedings were instituted for that purpose, for the following reasons:

1. A Justice Court is a court of law and not of equity, having only such powers and jurisdiction as is given it by statute. Const., art. 5, sec. 19; Rev. Stats., arts. 1539, 1545; Cowan v. Nixon, 28 Texas, 230.

2. The statute does not give it any such equitable cognizance as it is sought to exercise in said cause, nor to permit it to use any of the writs, process, or machinery of courts of equity. Rev. Stats., arts. 1122, 1169, 1170; 22 Texas, 8; Murph. on Justice Peace, secs. 80, 82, 93, 225, 226; Goss v. McClaren, 17 Texas, 115, 116; Blum v. Wettermark, 58 Texas, 127.

3. The law has given the justices of the peace the power to grant new trials in their courts, by motion made within ten days, and when this is done no bill of review can be introduced in that court. Rev. Stats., arts. 1621, 1622, 1638; 2 Ct. App. C. C., sec. 573.

4. A judgment in a trial court becomes absolutely a vested right in the owner thereof after the court adjourns, and nothing less than a bill in equity showing no negligence or laches, together with an accident beyond his control, will give even a court of equity, such as the District Court, the right to interfere with such judgment.

5. Equity will in no case lend its aid, even in the District Court, when a party through neglect failed to prosecute a certiorari; and the petition and evidence in this case show this fact beyond controversy. Goss v. McClaren, 17 Texas, 115, 116; Drinkard v. Ingram, 21 Texas, 653; Id., 737; Musgrove v. Chambers, 12 Texas, 32.

FISHER, CHIEF JUSTICE.—This is a prohibition suit, brought in the District Court of Comal County, wherein an original proceeding to annul a judgment rendered by the Justice Court was prohibited on the ground of want of jurisdiction of the Justice Court to grant such relief.

The justice of the peace before whom the proceedings were pending and the plaintiff in the proceeding to annul the judgment of the Justice Court were defendants. They answered by general and special exceptions to the sufficiency of the petition, and by plea to the jurisdiction of the District Court to grant the extraordinary writ of prohibition, and by general denial. On a final hearing, the writ of prohibition was perpetuated, and the respondents have appealed therefrom to this court.

The only question that we decide is, had the District Court, in 1888, jurisdiction to grant and perpetuate a writ of prohibition against proceedings about to be had in a Justice Court?

Prohibition acts directly upon the court, and is a common law writ that lies only when the matter to be prohibited is judicial in nature. It is preventive in character, and is ordinarily at common law used to prevent a court of inferior powers from usurping its jurisdiction in some judicial matter. It is issued by a court of superior jurisdiction to one

that is inferior.　This necessarily requires an investigation into the jurisdiction of the court that issues the writ and of that against which it is directed, in order to determine if it will lie.

If the court against which the writ is directed is free and independent of any supervisory control of the tribunal of superior jurisdiction, and is within the limits of its jurisdiction general in the sense that it has the power to hear and determine the subjects of its jurisdiction in its own way, then the writ would not lie, unless the law that created the superior tribunal conferred upon it the power to issue the writ.

Every court within this State jurisdiction that has the power to hear and determine judicial controversies is general in its jurisdiction over the subjects that they have cognizance of by the law of their creation; but all such courts are also of special jurisdiction, in the sense that they can not hear and determine subjects of controversy that are not embraced in the written law that creates and defines their powers.　To the written law alone they look to ascertain when they have the power to hear and determine, and when this jurisdiction is prescribed it is restrictive of all other.

With us these principles of law apply as well to Justice Courts as they do to the District Courts.

There is no inherent power in the District Court, by virtue of its law and equity jurisdiction, to issue all writs that were known to common law and equity practice.　For if such was the rule, it would permit the court to exercise a jurisdiction to meet the exigencies of each case, and would relieve it from the application of the principle, well settled with us, that it can not exceed the power conferred by the law that created it, and that the enumeration of these powers excludes the right to exercise others.

The present Constitution, as it existed when the writ of prohibition in this cause was issued and perpetuated, in conferring jurisdiction upon the District Courts, among other things, says:

" Said courts and the judges thereof shall have power to issue writs of habeas corpus in felony cases, mandamus, injunction, certiorari, and all writs necessary to enforce their jurisdiction."

The acts of the Legislature on the subject of the jurisdiction of the District Courts in this respect follow the Constitution.　Neither by the Constitution nor by legislation thereunder is a supervisory control and jurisdiction given to the District Courts over Justice Courts or other inferior tribunals, as was given by the Constitution of 1845 and that of 1869.

The provisions of the Constitution quoted is all that has any bearing upon the question before us.

It is apparent that the omission from the present Constitution of that provision of the Constitution of 1845 and 1869 that conferred upon the

District Court a supervisory control and jurisdiction over inferior courts, is equivalent to a legislative declaration that such jurisdiction shall not exist.

It is further apparent, that the writ issued in this case was not in furtherance of the jurisdiction of the District Court as necessary to the enforcement of its jurisdiction, as the judicial matter sought to be prohibited was pending in another tribunal of equal dignity with that of the District Court, in so far as its jurisdiction extended over subjects of which it had cognizance.

If the provision of the Constitution in question had included prohibition, as it did injunction and other named writs, it would have been within the jurisdiction of the District Court to have issued such writs in all cases that were permitted under the principles and usages of common law and equity practice, as is illustrated by the construction of the law in question in the case of County of Anderson v. Kennedy, 58 Texas, 621.

We find no provision in the law that conferred upon the District Court the power to issue the writ of prohibition.

Such being the case, we reverse the judgment of the court below, with instructions to dismiss the case.

*Reversed and dismissed.*

Delivered November 23, 1892.