**Pharis HEBERT (Smith), Appellant,**

**v.**

**The PROBATE COURT NO. ONE OF HARRIS COUNTY, Appellee.**

**No. 474.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 28, 1971.

Rehearing Denied May 19, 1971.

**850**

Pharis Hebert (Smith), pro se.

Charles A. Saunders and Sandra K. Foster of Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is an appeal from an order of the District Court of Harris County, Texas, denying the appellant's application for writ of prohibition. The appellant is Pharis Hebert (Smith), one of the heirs of Olga Rose Shrake, deceased.

Previously, Pharis Hebert (Smith) was the administratrix of the estate of Olga Rose Shrake. In June, 1969, the judge of the Probate Court No. 1 of Harris County, Texas, entered a decree providing for the distribution of the assets of this estate. The appellant did not appeal from such decree. In October, 1970, appellant applied for a writ of prohibition in the District Court of Harris County to prohibit the probate court from distributing the assets of the estate. The district court refused on the ground that it lacked jurisdiction to issue such a writ. The appellant has perfected this appeal from the district court's action.

■ Appellant contends the district court erred in ruling that it did not have jurisdiction to grant the writ of prohibition. Such contention will be overruled. We are of the opinion that the district court correctly determined that it was without authority to enter a writ of prohibition under the facts here presented.

■ Article 5, Sec. 8 of the Texas Constitution, Vernon's Ann.St. provides that the district courts " * * * shall have power to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction." The power of the district court to issue writs other than those enumerated is limited to those which are necessary to protect its jurisdiction. Seele v. State, 1 Tex.Civ.App. 495, 20 S.W. 946, no writ hist. The appellant made no appeal from the original order of the probate court. A writ of prohibition from the district court cannot be used as a substitute for an appeal. Clark v. Ewing, Tex.Civ.App., 196 S.W.2d 53, no writ hist.; State Farm Mutual Insurance Co. v. Worley, Tex.Civ.App., 346 S.W.2d 407, no writ hist.

A writ of prohibition is an extraordinary remedy which is only granted in extreme cases of necessity and not for grievances which may be redressed in ordinary proceedings at law. The writ is not available if a complete remedy lies by appeal, writ of error, writ of review, certiorari, injunction, mandamus, motion for change of venue or in any other manner. Stone v. Kuteman, Tex.Civ.App., 150 S.W. 2d 107, no writ hist. No such showing has been here made.

Affirmed.