Joe Edd GRIMM, Justice of the Peace, Precinct 3, McLennan County, Texas, Appellant,

v.

Edward Ray GARNER, Appellee.

No. 6030.

Court of Civil Appeals of Texas, Waco.

Feb. 15, 1979.

Rehearing Denied March 8, 1979.

Felipe Reyna, Criminal Dist. Atty., Randall Rogers, Lynnan Kendrick, Frank M. Fitzpatrick, Jr., Asst. Dist. Attys., Waco, for appellant.

Bill Vannatta and Richard E. Miller, Clark & Vannatta, Waco, for appellee.

HALL, Justice.

Appellee Edward Ray Garner brought this action in the 74th District Court of McLennan County for a writ of mandamus commanding appellant, Joe Edd Grimm, Justice of the Peace, Precinct 3, of McLennan County to comply with the provisions of the Texas Speedy Trial Act for criminal cases and grant appellee's motion to set aside a criminal complaint filed in the Justice Court against appellee. After a hearing without a jury, the court issued the writ. Appellant asserts the writ should be set aside because (1) the District Court did not have jurisdiction to issue it, and (2) appellee had an adequate legal remedy by way of appeal. We overrule those contentions.

The time limitations for the trial of criminal cases under the Speedy Trial Act are set forth in Article 32A.02, Vernon's Tex.Code Crim.Proc. In pertinent parts that statute provides as follows:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the State is not ready for trial within: . . . (4) 30 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a fine only.

Section 2. . . . (b) If a defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, a criminal action commences for purposes of this article on the date of the mistrial, the order granting a new trial, or the remand.

After a request by appellant for findings of fact, the court filed findings which establish that appellant is Justice of the Peace, Precinct 3, of McLennan County; that on April 14, 1978, appellee was charged by complaint in appellant's court with the of-

fense of speeding; that a jury trial held on the complaint in appellant's court on August 4, 1978, resulted in a mistrial; that the State was not ready for trial within 30 days after the date of the mistrial; that on September 12, 1978, appellee filed his motion with appellant to set aside the complaint under the Speedy Trial Act; and that on September 21, 1978, appellant overruled appellee's motion.

Appellant does not question any finding of fact. Additionally, the appellate record does not contain a statement of facts and the court's findings must therefore be deemed conclusive on the issues determined. *Texas & P. Ry. Co. v. Purcell,* 91 Tex. 585, 44 S.W. 1058 (1898); *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.Sup.1968).

The speeding offense charged against appellee is a misdemeanor punishable by a fine of not more than $200.00. § 143 and § 166(a), Article 6701d, Vernon's Tex.Civ.St. Original jurisdiction of that offense is vested in the Justice Courts, whereas District Courts have original jurisdiction in criminal cases of the grade of felony, and of misdemeanors involving official misconduct. Vernon's Tex.Const., Article 5, §§ 8 and 19; and Vernon's Tex.Code Crim.Proc., Articles 4.05 and 4.11. Citing those authorities, appellant argues that the trial court's action in the case at bar was an unwarranted assumption of jurisdiction. That contention is erroneous.

The trial court was not attempting to exercise its criminal jurisdiction. A mandamus proceeding is a civil suit, even though it may stem from a criminal proceeding. *Hogan v. Turland,* 428 S.W.2d 316, 317 (Tex.Sup.1968).

By virtue of § 8 of Article 5, Vernon's Tex.Const., District Courts and the judges thereof are vested with jurisdiction and power "to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction." This provision has been construed by our Supreme Court "as giving the substantive power to issue the writs named in all cases when courts of law or equity, under settled rules, would have the power to issue them, whether they be necessary to enforce some jurisdiction given by the other provisions or not. This provision is in itself a grant of distinct jurisdiction and powers which do not depend upon the other provisions defining classes of cases or amounts in controversy over which also jurisdiction is given." *Thorne v. Moore,* 101 Tex. 205, 105 S.W. 985, 986 (1907).

It is settled that a writ of mandamus will issue to an inferior court to compel the performance of a duty made mandatory by law or the doing of an act that is simply ministerial and involves no judicial discretion. *Richburg v. Baldwin,* 89 S.W.2d 851, 852 (Tex.Civ.App.—Dallas 1936, writ dism.); 15 Tex.Jur.2d 420, Courts, § 11; 37 Tex. Jur.2d 654, Mandamus, § 41.

Under the undisputed facts it was appellant's duty to comply with the mandatory provisions of the Speedy Trial Act and grant appellee's motion to dismiss the complaint. It follows that appellee should not be relegated to an appeal to protect his immediate right to the order of dismissal, which did not involve the exercise of any discretion by appellant. Further, appellee does not have a remedy by appeal to question appellant's order overruling the motion. Appeals from Justice Courts are by trial de novo in the County Courts. Article 5, § 16, Vernon's Tex.Const.

This mandamus action was within the District Court's jurisdiction, and the writ was properly issued. The judgment is affirmed.