OPINION




No. 04-03-00847-CV



Nathan THOMPSON,


Appellant



v.



Mona VELASQUEZ, Justice of the Peace Pct. 2, Uvalde County, Texas and 


Mariano Pargas, Jr., Justice of the Peace Pct. 6, Uvalde County, Texas,


Appellees



From the 38th Judicial District Court, Uvalde County, Texas


Trial Court No. 01-12-23,324-CV


Honorable Charles Sherrill, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: December 8, 2004 


REVERSED AND REMANDED

 Nathan Thompson appeals the trial court's order dismissing his petition for writ of mandamus
for lack of jurisdiction. In three points of error, Thompson contends that the trial court had
jurisdiction, and the trial court erred in finding that he was not entitled to mandamus relief. We agree
with Thompson that the trial court had jurisdiction to consider his petition; however, because the trial
court did not consider the merits of the petition, Thompson's issue regarding the merits of the petition
and his entitlement to relief are not ripe for our consideration. Accordingly, we reverse the trial
court's order and remand the cause to the trial court for further proceedings consistent with this
opinion.

 Thompson filed a petition for writ of mandamus in district court seeking mandamus relief in
relation to two municipal court misdemeanor convictions. The justices of the peace in the two
municipal courts filed an answer and a motion to dismiss. After a hearing, the trial court dismissed
the petition finding that it had no jurisdiction.

 Article V, Section 8 of the Texas Constitution confers the following jurisdiction on the district
courts:

 District court jurisdiction consists of exclusive, appellate, and original jurisdiction in
all actions, proceedings, and remedies, except in cases where exclusive, appellate, or
other jurisdiction may be conferred by this Constitution or other law on some other
court, tribunal, or administrative body. District court judges shall have the power to
issue writs necessary to enforce their jurisdiction.


Tex. Const. art. V, §8. In addition, section 24.011 of the Texas Government Code provides:

 A judge of a district court may, either in termtime or vacation, grant writs of
mandamus, injunction, sequestration, attachment, garnishment, certiorari, and
supersedeas and all other writs necessary to the enforcement of the court's
jurisdiction.


Tex. Gov't Code Ann. § 24.011 (Vernon 2004).

 Both the constitutional and statutory provisions clearly give the district courts jurisdiction to
issue writs in enforcement of their jurisdiction. The question, however, becomes whether the district
courts also have jurisdiction to issue writs against county, justice or municipal judges, and other
persons in regard to the actions of those judicial officers concerning criminal litigation. See generally
43B George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice & Procedure
§ 46.15 (2001).

 In Winfrey v. Chandler, the Texas Supreme Court was presented with the issue of whether
a district court had the jurisdiction to issue a writ of prohibition against a county judge. 318 S.W.2d
59, 60 (Tex. 1958). The court held as follows:

 A district court is not authorized to exercise general supervision and control over the
county court in criminal proceedings, and its power to interfere with the orderly
dispatch of such business by the latter tribunal is limited to that conferred by the
Constitution and statutes of our State. Art. 5, Sec. 8, of the Constitution, Vernon's
Ann. St., provides that the district courts "shall have power to issue writs of habeas
corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their
jurisdiction." The applicable statute, in so far as it is relevant here, follows the
language of the Constitution. Art. 1914, Vernon's Ann. Tex. Civ. Stat. Under these
constitutional and statutory provisions, a district court has no power to stay the trial
of a criminal case pending in another court except where necessary and appropriate
to protect or enforce its own jurisdiction. See Seele v. State, 1 Tex. Civ. App. 495,
20 S.W. 946 (No writ).


The case cited as authority in Winfrey also discussed the district court's jurisdiction to issue a writ
of prohibition. See Seele v. State, 20 S.W. 946, 946 (Tex. Civ. App. 1892, no writ). After reviewing
the applicable constitutional provisions, the Seele court held that the district court did not have
jurisdiction to issue a writ of prohibition; however, the court noted:

 If the provision of the constitution in question had included prohibition as it did
injunction and other named writs, it would have been within the jurisdiction of the
district court to have issued such writs in all cases that were permitted under the
principles and usages of common-law and equity practice, as is illustrated by the
construction of the law in question in the case of County of Anderson v. Kennedy, 58
Tex. 621. We find no provision in the law that conferred upon the district court the
power to issue the writ of prohibition.


Id. at 947. Therefore, the holdings in Winfrey and Seele can be read narrowly as only addressing the
district court's jurisdiction to issue writs of prohibition. 

 In Grimm v. Garner, the Texas Supreme Court considered an appeal in which the
intermediate court of appeals upheld the power of the district court to issue a writ of mandamus
commanding a municipal court judge to grant a motion to set aside a criminal complaint. 589 S.W.2d
955, 955 (Tex. 1979). The court noted that the only question presented was whether the defendant's
right to appeal by trial de novo provided him with an adequate remedy at law, making mandamus
relief improper. Id. In discussing the court of appeals' conclusion that the district court had
jurisdiction to issue the writ of mandamus, the court concluded:

 District courts are empowered by the Texas Constitution to "issue writs of habeas
corpus, mandamus, injunction, and certiorari, and all writs necessary to enforce their
jurisdiction. . . ." Tex. Const. art. V, § 8. We have interpreted that power to be a
grant of distinct jurisdiction, carrying the substantive power to issue the writs named
in all cases in which courts of law or equity under settled rules would have the power
to issue them, whether they be necessary to enforce some jurisdiction given by other
constitutional provisions or not.


Id. at 956; see also Smith v. Flack, 728 S.W.2d 784, 799 (Tex. Crim. App. 1987) (Onion, P.J.,
dissenting) (noting district courts have general mandamus authority in civil and criminal law matters);
but see Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.--Houston [14th Dist.] 1996, writ denied)
(stating district court has mandamus jurisdiction only to enforce its own jurisdiction).

 After noting the changes in the constitutional provision governing district court jurisdiction,
including a 1985 amendment, one commentator concluded that district courts have general mandamus
jurisdiction, reasoning:

 Despite Winfrey, then, the pre-1985 version of article V, section 8 most likely
gave the district courts general power to issue mandamus but not prohibition with
regard to criminal as well as civil matters in county, justice and municipal courts.

 The 1985 reformulation of the constitutional grant of power to the district
courts was probably not intended to work major change in their writ authority.
Proceedings for writ relief are among the "actions, proceedings, and remedies"
jurisdiction over which is not conferred on some other court, tribunal, or
administration body, and thus within the jurisdiction of the district courts. Since this
jurisdiction no longer excludes prohibition, the district courts now almost certainly
have both mandamus and prohibition jurisdiction regarding criminal matters in
municipal, justice, and county court.


43B George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice & Procedure
§ 46.15 (2001). We agree with this reasoning. See In re Marshall, No. 04-02-00819-CV, 2002 WL
31662743, at *1 (Tex. App.--San Antonio Nov. 27, 2002, orig. proceeding) (noting district court
is proper forum to seek mandamus relief against municipal court judge) (not designated for
publication). Accordingly, the district court erred in dismissing Thompson's petition for writ of
mandamus for lack of jurisdiction. We express no opinion on whether mandamus relief is proper on
the merits of the petition because the district court has not ruled on the merits of the petition.

 Alma L. López, Chief Justice