### Ex parte Kufreabasi Ita ENYONG, Appellant.

### Nos. PD–0649–12, PD–0650–12.

Court of Criminal Appeals of Texas.

April 24, 2013.

Joan O. Nwuli, Humble, TX, for Appellant.

Mandy Miller, Assistant District Attorney, Houston, Lisa C. McMinn, State's Attorney, Austin, TX, for State.

### *OPINION*

PER CURIAM.

Pursuant to a plea agreement, the Appellant pled guilty in 2010 to assault and

violation of a protective order. He subsequently filed an application for a writ of habeas corpus claiming that his counsel provided ineffective assistance by failing to advise him of the immigration consequences of his guilty pleas. The trial court denied relief and the Court of Appeals reversed. *Enyong v. State,* 369 S.W.3d 593 (Tex.App.–Houston [1st Dist.] 2012).[1] The State has filed a petition for discretionary review contending the Court of Appeals erred in holding that *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), applies retroactively to the collateral review of a state conviction that was final when the *Padilla* opinion was issued, and that the Appellant failed to establish he received ineffective assistance of counsel. The U.S. Supreme Court recently held that, under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), *Padilla* does not have retroactive effect. *Chaidez v. United States,* —— U.S. ——, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013). We adopted that Court's reasoning as a matter of state law in *Ex parte De Los Reyes,* 392 S.W.3d 675 (Tex.Crim.App.2013).

The Court of Appeals in the instant case did not have the benefit of our opinion in *Ex parte De Los Reyes.* Therefore, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of *Ex parte De Los Reyes.*

1. As an appeal from a ruling on a writ of habeas corpus, the style of the case should be *Ex parte Enyong.*