**IN RE: Martin BORUNDA, Relator**

**No. 08–16–00296–CR**

Court of Appeals of Texas,
El Paso.

May 10, 2017

Hon. Rod Ponton, Alpine, Hon. Sandy Wilson, Real party in interest for The State of Texas.

The Honorable Roy Ferguson, Van Horn, Culberson County, pro se.

Keith Stewart Hampton, Austin, for Relator.

Before McClure, C.J., Rodriguez, and Palafox, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

Relator, Martin Borunda, has filed a mandamus petition against the Honorable Roy Ferguson, Judge of the 394th District Court of Presidio County, Texas, asking that the Court order him to set aside an

order dismissing Borunda's mandamus petition for lack of jurisdiction and to review the mandamus petition on the merits. We conditionally grant mandamus relief.

## FACTUAL SUMMARY

■ On January 2, 2014, Borunda was charged with speeding (80/70) in Presidio County. Borunda entered a plea of guilty on March 18, 2014, and the Justice Court found Borunda guilty and assessed a fine of $400.[1] Borunda filed a Surety Appearance Appeal Bond in the amount of $400, with his attorney acting as surety, but the record does not reflect the date on which the appeal bond was filed.[2] The appeal was assigned cause number 5966 in the County Court of Presidio County, and Borunda filed his waiver of arraignment on May 20, 2014.

The State later filed an Application for Writ of Procedendo asserting that Borunda's appeal to the county court was not perfected because it was not timely filed.[3] It sought to have the appeal dismissed and remanded to the Justice Court for entry of a final judgment. The State did not allege that the appeal bond was inadequate or defective because it was not made in the correct amount. The County Court granted the relief requested by the State and dismissed the appeal on April 1, 2015.[4] More than a year later, on June 7, 2016, Borunda filed an application for writ of mandamus in the 394th District Court of Presidio County to challenge the County Court's order granting the writ of procedendo and dismissing the appeal. He alleged that Texas law does not provide him with any other mechanism to challenge the County Court's ruling.[5] Respondent dismissed the mandamus petition for lack of jurisdiction on June 14, 2016.

Borunda sought to appeal the order dismissing the mandamus petition, but the Court dismissed the appeal for lack of

1. Borunda asserts in his reply brief that a fact issue exists regarding the amount of the fine. The judgment of conviction shows that the fine imposed by the Justice Court was $400. Recitations in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App. 1984). The only issue presented by the mandamus petition filed in the District Court is whether the County Court properly dismissed the appeal for lack of jurisdiction. In the event the District Court grants mandamus relief, Borunda can present whatever issues he deems necessary in the County Court.

2. An appeal from the justice court is perfected when the appeal bond is filed with the justice or judge who tried the case not later than the 10th day after the date the judgment was entered. Tex.Code Crim.Proc.Ann. art. 45.0426(a)(West 2006).

3. "Procedendo" is defined in Black's Law Dictionary as "[a] higher court's order directing a lower court to determine and enter a judgment in a previously removed case." Black's Law Dictionary 1397 (10th ed. 2014).

4. A defendant in any criminal action has the right of appeal, subject to certain limitations. *See* Tex.Code Crim.Proc.Ann. art. 44.02 (West 2006). In any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, the defendant does not have the right to appeal unless the fine exceeds $100 unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based. Tex.Code Crim.Proc.Ann. art. 4.03 (West 2015). In this case, the county court dismissed the appeal because Borunda did not timely file his notice of appeal. Because Borunda was not convicted in the county court, he did not have a right to appeal the dismissal order to the Eighth Court of Appeals.

5. This statement is incorrect. A court of appeals has jurisdiction to issue the writ of mandamus against a county judge in its district. *See* Tex.Gov't Code Ann. § 22.221(b)(West 2004). Thus, Borunda could have filed a mandamus petition in this Court to challenge the county court's dismissal of his appeal from the justice court to the county court.

jurisdiction. *See In re Martin Borunda*, No. 08-16-00166-CR, 2016 WL 5122022 (Tex.App.—El Paso September 21, 2016, orig. proceeding).[6] The Court concluded that while a district court's ruling on a mandamus petition in a civil case can be appealed to a court of appeals, the Legislature has not provided for such an appeal in a criminal case. *Id.* at *2. Borunda did not seek discretionary review of the order dismissing the appeal. He instead filed a mandamus petition in this Court challenging the District Court's refusal to address the merits of his mandamus petition.

## MANDAMUS JURISDICTION OF DISTRICT COURT

In his sole issue, Borunda asserts that the District Court erred by concluding that it lacked jurisdiction to review the mandamus petition.

### *The Standard of Review*

■■■ To be entitled to mandamus relief, the relator must make two showings: (1) that he has no adequate remedy at law; and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013); *see In re State of Texas*, 162 S.W.3d 672, 675 (Tex.App.—El Paso 2005, orig. proceeding). The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought. *Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal prin-

ciples." *Id., quoting Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011).

### *Adequate Remedy by Appeal*

■■■ The first issue is whether Borunda had an adequate remedy by appeal. In determining whether it had jurisdiction of the appeal, the Court's opinion in Borunda's direct appeal focused on the nature of the underlying criminal case, *In re Borunda*, 2016 WL 5122022, but the Texas Supreme Court has held that a mandamus proceeding is a civil action. *See Hogan v. Turland*, 428 S.W.2d 316, 316–17 (Tex. 1968). Consequently, a court of appeals has jurisdiction to review a district court's ruling on a mandamus petition even though the underlying case is a criminal action. *Id.* Our decision in *In re Borunda* is overruled because it conflicts with *Hogan v. Turland*. While Borunda had a remedy by appeal, the erroneous dismissal of the appeal foreclosed that remedy. Under these circumstances, Borunda has shown that he does not have an adequate remedy at law.

### *Clear Right to Relief*

■■■ The second question is whether Borunda has a clear right to relief. The Texas Constitution and the Texas Government Code establish the jurisdiction of the district courts. Article V, Section 8 of the Texas Constitution provides that:

District court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue

---

**6.** The direct appeal from the order dismissing the mandamus petition was given the same style as the case in the trial court, *In re Martin Borunda*. This is consistent with the

practice in appeals from a trial court's ruling on a petition for writ of habeas corpus. *See Ex parte Enyong*, 397 S.W.3d 208, 209 n.1 (Tex. Crim.App. 2013).

writs necessary to enforce their jurisdiction.

TEX.CONST. art. V, § 8.

Section 24.011 of the Texas Government Code provides:

> A judge of a district court may, either in termtime or vacation, grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari, and supersedeas and all other writs necessary to the enforcement of the court's jurisdiction.

TEX. GOV'T CODE ANN. § 24.011 (West 2004).

These provisions certainly grant a district court jurisdiction to issue writs necessary to enforce its jurisdiction, but it is less clear whether a district court has jurisdiction to issue writs against county courts, justice courts, or municipal courts in order to exercise general supervision and control over actions by those courts in criminal cases. *See Thompson v. Velasquez*, 155 S.W.3d 551, 553 (Tex.App.—San Antonio 2004, no pet.).

There is some support in the case law for Respondent's conclusion that he lacked jurisdiction to issue the writ of mandamus against the county court because courts have stated that a district court's mandamus jurisdiction is limited to enforcing its own jurisdiction. For example, in *Martinez v. Thaler*, 931 S.W.2d 45, 45–46 (Tex.App.—Houston [14th Dist.] 1996, writ denied), a prisoner filed a mandamus petition in the district court to compel prison officials to place him in administrative segregation. Finding that the mandamus petition was frivolous, the district court dismissed, and the prisoner appealed. *Id.* at 46. The Fourteenth Court of Appeals broadly stated that a district court's mandamus jurisdiction is limited to enforcing its own jurisdiction. *Id.* The court of appeals also held that the district court lacked jurisdiction to grant mandamus relief because a district court has no

constitutional or statutory jurisdiction to exercise supervisory control over prison officials, and the purpose of the prisoner's petition for writ of mandamus was not to protect the district court's jurisdiction. *Id.* Consequently, the court of appeals affirmed the district court's dismissal of the mandamus petition. *Id.* at 46.

*Martinez* cited *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59 (1958) in support of the statement that a district court's mandamus jurisdiction is limited. In that case, the Texas Supreme Court was considering whether a district court had jurisdiction to issue a writ of prohibition against a county judge. *Winfrey*, 318 S.W.2d at 60. The Supreme Court held as follows:

> A district court is not authorized to exercise general supervision and control over the county court in criminal proceedings, and its power to interfere with the orderly dispatch of such business by the latter tribunal is limited to that conferred by the Constitution and statutes of our State. Art. 5, Sec. 8, of the Constitution, Vernon's Ann. St., provides that the district courts 'shall have power to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction.' The applicable statute, in so far as it is relevant here, follows the language of the Constitution. Art.1914, Vernon's Ann. Tex. Civ. Stat. Under these constitutional and statutory provisions, a district court has no power to stay the trial of a criminal case pending in another court except where necessary and appropriate to protect or enforce its own jurisdiction. *See Seele v. State*, 1 Tex. Civ.App. 495, 20 S.W. 946 (no writ)....

*Winfrey*, 318 S.W.2d at 61.

Similarly, in *Seele*, the court of civil appeals held that a district court did not have

jurisdiction to issue the writ of prohibition against a justice court. *See Seele v. State,* 1 Tex.Civ.App. 495, 20 S.W. 946, 946 (1892, no writ).

The San Antonio Court of Appeals analyzed whether the district courts have general mandamus jurisdiction in *Thompson v. Velasquez,* 155 S.W.3d 551, 552 (Tex. App.—San Antonio 2004, no pet.). It began its analysis by considering *Winfrey* and *Seele,* and noted that both cases can be narrowly read as addressing only a district court's jurisdiction to issue the writ of prohibition. *Thompson,* 155 S.W.3d at 553. The court of appeals found the Supreme Court's decision in *Grimm v. Garner* supported a conclusion that a district court's mandamus jurisdiction is not limited to enforcing its jurisdiction. *Id.*

In *Grimm v. Garner,* 589 S.W.2d 955 (Tex. 1979), the defendant, Edward Ray Garner, was charged by complaint filed in the justice court with the offense of speeding. *Grimm v. Garner,* 577 S.W.2d 573, 574 (Tex.Civ.App.—Waco 1979). Garner filed a petition for writ of mandamus in the district court seeking to compel the justice court to set aside the criminal complaint. *Id.* The district court granted the writ and the State appealed. *Id.* The Waco Court of Appeals upheld the power of the district court to issue a writ of mandamus commanding a municipal court judge to grant a motion to set aside a criminal complaint. *Grimm,* 577 S.W.2d at 575. On review, the Supreme Court noted that the only question presented was whether the defendant's right to appeal by trial *de novo* provided him with an adequate remedy at law, making mandamus relief improper. *Grimm,* 589 S.W.2d at 956–57. In discussing the Waco Court of Appeals' conclusion

that the district court had jurisdiction to issue the writ of mandamus, the Supreme Court concluded:

> District courts are empowered by the Texas Constitution to 'issue writs of habeas corpus, mandamus, injunction, and certiorari, and all writs necessary to enforce their jurisdiction. . . .' Tex.Const. art. V, § 8. We have interpreted that power to be a grant of distinct jurisdiction, carrying the substantive power to issue the writs named in all cases in which courts of law or equity under settled rules would have the power to issue them, whether they be necessary to enforce some jurisdiction given by other constitutional provisions or not.

*Grimm,* 589 S.W.2d at 956.

■ Based on *Grimm,* the San Antonio Court of Appeals held in *Thompson* that the district courts have general mandamus jurisdiction regarding criminal matters in municipal, justice, and county court. *See Thompson,* 155 S.W.3d at 554; *see also Smith v. Flack,* 728 S.W.2d 784, 799 (Tex. Crim.App. 1987)(Onion, P.J., dissenting)(noting district courts have general mandamus authority in civil and criminal law matters).

We are persuaded that *Thompson* is correct in its conclusion that a district court's mandamus jurisdiction is not limited to enforcing its own jurisdiction. Consequently, the 394th District Court had jurisdiction to review Borunda's mandamus petition, and the court erred by dismissing the mandamus petition for lack of jurisdiction.[7] We sustain the sole issue presented and conditionally grant the writ of mandamus. Respondent is directed to set aside the order dismissing Borunda's mandamus

---

7. Our conclusion that the 394th District Court has jurisdiction to hear Borunda's mandamus petition should not be interpreted as holding that Borunda is entitled to relief on the mer-

its. We express no opinion on the merits of the mandamus petition filed in the District Court.

petition for lack of jurisdiction and consider the petition on the merits. We are confident Respondent will act in accordance with this opinion. The writ of mandamus will issue only if Respondent fails to do so.