

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-17-00247-CV |
| IN THE INTEREST OF A.J.P., A CHILD. | § | Appeal from the |
| | § | 383rd District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2000CM5805) |

## **O P I N I O N**

This is an appeal from an agreed Order Enforcing Child Support and Medical Support Obligation (Enforcement Order).  Appellant Andrew McRae (Father), appearing *pro se*, contends that the Enforcement Order is void because he agreed to it under duress.  We affirm.

## **BACKGROUND**

In 2016, a court ordered Father to pay monthly child support and medical support for A.J.P. yet Father admittedly failed to fulfill these obligations.  The Office of the Attorney General of Texas (Attorney General)[1] filed a motion to enforce the support orders, alleging that Father was in arrears and that it was anticipated that he would continue to violate the support orders.

The matter came before an associate judge, who signed a proposed order which was later approved and adopted as the Enforcement Order of the district court.  That order recites that a

---

[1] The Attorney General and Ada Abel Garcia ("Mother") are co-appellees in this case. Mother did not file an appellee's brief.

hearing was conducted on November 2, 2017; Mother appeared in person; Father appeared in person and through his court-appointed attorney; and the parties waived a record of the proceedings, with the consent of the court. The order contains the signatures of both Mother and Father, and the parties characterize it as an agreed order.

In addition to imposing child support and medical support payment obligations, the Enforcement Order recites that Father is found in contempt and ordered to be incarcerated for a period of 120 days. The Enforcement Order further recites, though, that the incarceration provision is suspended, and that Father is placed on probation for a period of 120 months. Father appeals.

## DISCUSSION

In a single issue, Father asserts that the Enforcement Order is void because he agreed to it under duress.

### Standard of Review

"A court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court abuses its discretion if its decision is arbitrary and unreasonable, or if it is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co.*, 494 S.W.3d 708, 712 (Tex. 2016). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Id.*

Generally, duress occurs where any coercion, whether mental, physical, or otherwise, is exercised which causes another person to act contrary to his or her own free will or to submit to a situation or a condition against his or her own volition or interest. *Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 719 (Tex. App.—El Paso 2011, no pet.). The question of what conduct or occurrence constitutes duress is a matter of law. *Id.* Whether duress exists in a particular situation,

2

however, is generally a question of fact, which depends on all the circumstances and the mental effect on the party claiming duress. *Id.* at 719-20.

*No Preservation of Error*

We first examine whether Father preserved his complaint of duress for our review. *See* TEX. R. APP. P. 33.1. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion, and complainant obtained a ruling, or the court refused to rule on the request, objection or motion, and the complaining party objected to the refusal. *See* TEX. R. APP. P. 33.1(a); *Office of the Att. Gen. v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012) (per curiam). Here, however, our record does not show that Father ever made a complaint to the trial court asserting he acted under duress when signing the enforcement order. As Appellant, Father bore "the burden to come forward with a record showing error which warrants reversal." *Cass v. Stephens*, 156 S.W.3d 38, 56 (Tex. App.— El Paso 2004, pet. denied) (citing *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex. 1987)). In the context of this case, Father bore the burden to bring forward a record demonstrating that he presented his complaint of duress to the trial court and the court thereafter made a ruling on his complaint.

In his opening brief, Father makes the following factual assertions in support of his claim of duress: (1) he was misled into believing that the enforcement hearing was a dismissal hearing; (2) the trial judge, a representative of the Attorney General's office, and his own attorney each made statements to him that caused him to sign the Enforcement Order "for fear of loss of liberty and emotional stress to his daughters"; and (3) he was intimidated into signing the order "just to meet a quota" under the Child Support Performance and Incentive Act. *See* 42 U.S.C. § 658a.

The Attorney General points out that these factual assertions do not find any support in the

3

record and, therefore, cannot be considered by this Court. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006) (appellate courts "do not consider factual assertions that appear solely in briefs and are not supported by the record"); TEX. R. APP. P. 38.1(g) (appellant's statement of facts must be supported by record references).

In reply, Father argues that there is no record of the threats made to him because they occurred in the lobby outside the courtroom. He further argues that "[t]here is no law that requires a person to have a record of the threats that caused them to sign a contract," and that the factual statements he makes in his brief are sufficient to establish duress. On this point, however, Father is mistaken. As just noted, the Supreme Court of Texas and the Texas Rules of Appellate Procedure both require that factual assertions be supported by the appellate record. *See Marshall*, 198 S.W.3d at 789; TEX. R. APP. P. 38.1(g).

Father also appears to argue that he was not required to make a record supporting his claim of duress because "getting the person to agree to go on the record so as to documents [sic] their threats, [sic] is absurd." But Father does not explain why he did not present and preserve his own testimony, either at the enforcement hearing[2] or on motion for new trial, to establish the existence and effect of those alleged threats, and to request a ruling from the trial court as required to preserve error.[3]

Father emphasizes in his reply brief that his only complaint on appeal is that he signed the Enforcement Order under duress. In his own words, Father "is merely challenging the Order's

---

[2] We note that Father states in his brief that no hearing was held, but the Enforcement Order expressly recites that a hearing was held on November 2, 2017. "Recitations in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary." *In re Borunda*, 528 S.W.3d 149, 151 n.1 (Tex. App.—El Paso 2017, orig. proceeding). Father has made no affirmative showing to refute the recitation that a hearing occurred.

[3] Although Father appears in this Court *pro se*, we note that he was represented by counsel in the court below. His failure to create a record of any alleged threats or duress therefore cannot be explained by a lack of familiarity with trial court procedures.

right to exist based solely on the fact [that] he was under duress when he signed it." But Father has not provided this Court with a record establishing he met the appellate prerequisite of preserving error, if any, or which otherwise contained evidence to substantiate his claim of duress, and thus we are precluded from considering as evidence the unsupported statements contained in his briefs. *See Marshall*, 198 S.W.3d at 789; TEX. R. APP. P. 33.1(a), 38.1(g). Father's sole issue on appeal is overruled.

## CONCLUSION

Father has not sustained his appellate burden of demonstrating reversible error. The Enforcement Order is affirmed.

GINA M. PALAFOX, Justice

January 10, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

5