

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00021-CR

EX PARTE RAYMUNDO SALAZAR

On Appeal from the 20th District Court
Milam County, Texas[1]
Trial Court No. CR23032, Honorable John Youngblood, Presiding

June 21, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Raymundo Salazar, appeals from the denial of his application for a writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure. We affirm the habeas court's denial of Appellant's application.

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

**BACKGROUND**

Appellant was charged with possession of a controlled substance in an amount over four grams but less than 200 grams with the intent to deliver.[2] Appellant entered a guilty plea pursuant to a plea agreement with the State. The plea admonishment given to Appellant stated only that his plea "may" result in deportation. The trial court sentenced Appellant to ten years' incarceration with the trial court to consider shock probation after ninety days. Upon Appellant's return from the Texas Department of Criminal Justice, the trial court did suspend his incarceration sentence and placed him on community supervision for ten years. Appellant was discharged from community supervision on April 13, 2017.

In October of 2022, Appellant filed an application for writ of habeas corpus asserting that his guilty plea was involuntary as the result of ineffective assistance of counsel. Specifically, Appellant contends that his trial counsel's performance was deficient because counsel failed to advise him of the clear immigration consequences that would result from his guilty plea.

The habeas court held a hearing on the application in December of 2022. Appellant's trial counsel testified that he specifically advised Appellant that his plea would result in his deportation should the applicable immigration agencies become aware of it. Appellant, his mother, and his wife testified that Appellant's trial counsel never advised them of the potential deportation consequences of Appellant's plea. At the close of the

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112.

2

hearing, the habeas court denied Appellant's application. Appellant timely filed notice of appeal.

**ANALYSIS**

Appellant presents one issue by his appeal: "Whether the written admonition at the time of the plea that Appellant 'may' be subject to deportation consequences, is adequate when deportation was, in fact, a near certainty."

Generally, we review a habeas court's decision on an application for writ of habeas under an abuse of discretion standard. *Ex parte Jessep*, 281 S.W.3d 675, 678 (Tex. App.—Amarillo 2009, pet. ref'd). A court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Ex parte Morrow*, 952 S.W.2d 530, 534–35 (Tex. Crim. App. 1997). An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *rev'd on other grounds by*, *Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). The judge of the habeas court is the factfinder in habeas corpus proceedings and we afford the utmost deference to the judge's determination of the facts that are supported by the record. *Ex parte Colson*, No. 07-16-00447-CR, 2017 Tex. App. LEXIS 9240, at *4 (Tex. App.—Amarillo Sept. 29, 2017, no pet.) (mem. op., not designated for publication).

3

The Sixth Amendment to the U.S. Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The proper standard for attorney performance is "reasonably effective" assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's advice can be so deficient that it renders a guilty plea involuntary. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)). A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980) (en banc).

To demonstrate his plea was involuntary because of ineffective assistance, Appellant must prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) this deficient performance prejudiced him by causing him to give up his right to a trial. *Strickland*, 466 U.S. at 687; *Ex parte Morrow*, 952 S.W.2d at 536. Under the first prong of the test, Appellant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. The reasonableness of counsel's performance is judged under prevailing professional norms. *Id*. at 688. This Court's review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Id*. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In *Padilla v. Kentucky*, the Supreme Court held that, for purposes of the Sixth Amendment right to effective assistance of counsel, "counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. 356, 374, 130 S. Ct. 1473, 176

4

L. Ed. 2d 284 (2010). When the deportation consequences of a particular plea are truly clear, counsel bears a duty to give correct advice regarding those consequences. *Id*. at 369; *see Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012) ("When a serious consequence is truly clear . . . counsel has an equally clear duty to give correct advice. Both failure to provide correct information and providing incorrect information violate that duty.").

Appellant's issue challenges the immigration admonishment contained in the plea paperwork, which only provides a general warning that a noncitizen's guilty plea "may result in deportation, the exclusion of admission to this country, or denial of naturalization under federal law." While this is not sufficient advice in Appellant's case, *see Enyong v. State*, 369 S.W.3d 593, 602 (Tex. App.—Houston [1st Dist.] 2012, pet. granted), *vacated on other grounds sub nom. Ex parte Enyong*, 397 S.W.3d 208, 209 (Tex. Crim. App. 2013) (per curiam), Appellant's trial counsel testified that he "made it clear" to Appellant that "once INS or ICE became aware" of the plea, the "consequences would kick in." When asked of what specific consequences he advised Appellant, trial counsel said, "deportation and denial of reentry." Trial counsel did testify that he discussed the plea paperwork with Appellant but that he had previously provided the specific advice that Appellant's plea would result in deportation without reentry. The duty to advise Appellant as to the immigration consequences of his plea was trial counsel's and he testified that he fulfilled this duty. *See Padilla*, 559 U.S. at 369; *Ex parte Moussazadeh*, 361 S.W.3d at 691. Appellant cites to no authority that counsel advising that a plea would result in automatic deportation once federal agencies become aware of the plea fails to discharge trial counsel's duty to properly advise his client of the immigration consequences of his

5

plea.  Likewise, we have found no such authority.  As such, we conclude that the trial court did not abuse its discretion in denying Appellant's application for writ of habeas corpus.  *Ex parte Peterson*, 117 S.W.3d at 819.  We overrule Appellant's sole issue.

## CONCLUSION

Having concluded that the trial court did not abuse its discretion in denying Appellant's application, we affirm the trial court's order denying same.


Judy C. Parker
Justice


Do not publish.