

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE | § | No. 08-24-00109-CR |
| JAMES RANDALL DOWNS, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
|  | § |  |

## MEMORANDUM OPINION

Relator James Randall Downs, acting pro se, has filed a petition for writ of mandamus seeking relief from a 2009 judgment of conviction for aggravated sexual assault of a child rendered against him in trial court cause number 08-10-05019-CRW.[1] Relator asks that this Court schedule

---

[1] In addition to his aggravated sexual assault of a child conviction, Relator was convicted of the offense of aggravated kidnapping in trial court cause number 08-05-04962-CRW. In a companion case docketed in this Court as cause number 08-24-00110-CR, Relator has filed a petition for writ of mandamus which similarly challenges his judgment of conviction for the offense of aggravated kidnapping.

Relator's filings arrived in a single envelope, appearing at first to present four separate complaints which we grouped into two separate companion cases. The complaints are as follows: (1) Relator's counsel, Scott Johnson, and his representation associated with Relator's aggravated sexual assault conviction; (2) Scott Johnson's representation associated with Relator's aggravated kidnapping conviction; (3) attorney Randall W. Reynolds, counsel for the State of Texas, and his actions associated with Relator's aggravated sexual assault conviction; and (4) Randall W. Reynolds' actions associated with Relator's aggravated kidnapping conviction. By separate opinion issued on the same date as this cause, we also deny Relator's petition for mandamus in his companion case challenging Johnson and Reynold's performance, and his underlying conviction, in the aggravated kidnapping cause, 08-24-00110-CR.

a live hearing so that he may develop a record and show his actual innocence. For the following reasons, we deny the petition.

Relator's petition names two Real Parties in Interest: Scott Johnson and Randall W. Reynolds. His petition complains about Mr. Johnson, the attorney who represented him in the trial court and on direct appeal to this Court, and Mr. Reynolds, attorney for the State of Texas for the direct appeal. *Downs v. State*, No. 08-09-00068-CR, 2010 WL 3030487 (Tex. App.—El Paso Aug. 4, 2010, pet. ref'd) (not designated for publication). He alleges that both attorneys submitted "false briefs" in his direct appeal. Additionally, Relator's petition states that he seeks "post-conviction relief" and complains about various evidence that he claims was improperly admitted at trial.[2]

A writ of mandamus is an extraordinary remedy, *In re State ex rel. Wice*, 668 S.W.3d 662, 671 (Tex. Crim. App. 2023), and courts of appeals have limited mandamus jurisdiction. Tex. Gov't Code Ann. § 22.221(a), (b). A court of appeals may issue a writ of mandamus to enforce its jurisdiction or against a judge of a district, statutory county, statutory probate county, or county court within its district. *Id.* Assuming that a relator seeks relief against a proper party, he must meet two requirements to be entitled to mandamus relief. First, he must show that he has no adequate remedy at law. *In re Borunda*, 528 S.W.3d 149, 152 (Tex. App.—El Paso 2017, orig. proceeding) (citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013)). Second, he must show that what he seeks to compel is a ministerial act. *Id.*

---

[2] Relator appears to assert that, in addition to the trial court improperly admitting evidence, that DNA evidence was tampered with or was admitted in violation of a pretrial order relating to extraneous offenses. Even assuming that mandamus is an appropriate remedy, Relator has not provided this Court with a Record to evaluate these claims. *See* Tex. R. App. P. 52.7 (requiring a relator to file a certified or sworn copy of every document that is material to his claim for relief and that was filed in the underlying proceeding).

To the extent that Relator has complained about the actions of Mr. Johnson and Mr. Reynolds, this Court does not have jurisdiction under § 22.221(b) to issue a writ of mandamus against either party. Tex. Gov't Code Ann. § 22.221(a). Nor has Relator shown that either party has interfered with this Court's jurisdiction such that mandamus is a proper remedy. *Id*. § 22.221(b).

To the extent that Relator seeks post-conviction relief, we also lack jurisdiction. Relator's only remedy for post-conviction relief is by habeas corpus, not mandamus. *See* Tex. Code. Crim. Proc. Ann. art. 11.07; *see also Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (en banc) (holding that the Court of Criminal Appeals has exclusive jurisdiction to grant post-conviction relief pursuant to Article 11.07).

Finally, to the extent that Relator's petition complains about evidentiary issues in his original trial, admissibility of evidence is properly challenged on direct appeal and mandamus is an inappropriate remedy. *See, e.g.*, *Hart v. State*, 688 S.W.3d 883, 891 (Tex. Crim. App. 2024) (reviewing the trial court's decision to admit or exclude evidence for an abuse of discretion on direct appeal). Accordingly, we do not have jurisdiction to grant the relief Relator requests. The petition for writ of mandamus is denied.

GINA M. PALAFOX, Justice

June 27, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)