COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE | § | No. 08-24-00110-CR |
| | § | |
| JAMES RANDALL DOWNS, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator James Randall Downs, acting pro se, has filed a petition for writ of mandamus seeking relief from a 2009 judgment of conviction for aggravated kidnapping rendered against him in trial court cause number 08-05-04962-CRW.[1] Relator asks that this Court schedule a live hearing so that he may develop a record and show his actual innocence. For the following reasons, we deny the petition.

---

[1] In addition to his aggravated kidnapping conviction, Relator was convicted of the offense of aggravated sexual assault of a child in trial court cause number 08-10-05019-CRW. In a companion case docketed in this Court as cause number 08-24-00109-CR, Relator has filed a petition for writ of mandamus which similarly challenges his judgment of conviction for the offense of aggravated sexual assault of a child.

Relator's filings arrived in a single envelope, appearing at first to present four separate complaints which we grouped into two separate companion cases. The complaints are as follows: (1) Relator's counsel, Scott Johnson, and his representation associated with Relator's aggravated sexual assault conviction; (2) Scott Johnson's representation associated with Relator's aggravated kidnapping conviction; (3) attorney Randall W. Reynolds, counsel for the State of Texas, and his actions associated with Relator's aggravated sexual assault conviction; and (4) Randall W. Reynolds' actions associated with Relator's aggravated kidnapping conviction. This Court docketed the filings as two separate companion cases grouped according to Relator's underlying convictions. By separate opinion issued on the same date as this cause, we also deny Relator's petition for mandamus in his companion case challenging Johnson and Reynold's performance, and his underlying conviction, in the aggravated sexual assault of a child cause, 08-24-00109-CR.

Relator's petition names two Real Parties in Interest: Scott Johnson and Randall W. Reynolds. His petition complains at length about Mr. Johnson, the attorney who represented him in the trial court and on direct appeal to this Court, and Mr. Reynolds, attorney for the State of Texas for the direct appeal. *Downs v. State*, No. 08-09-00068-CR, 2010 WL 3030504 (Tex. App.—El Paso Aug. 4, 2010, pet. ref'd). He alleges that both attorneys submitted "false briefs" in his direct appeal. Additionally, Relator's petition states that he seeks "post-conviction relief" and claims that there was insufficient evidence to submit the aggravated kidnapping charge to the jury.[2]

A writ of mandamus is an extraordinary remedy, *In re State ex rel. Wice*, 668 S.W.3d 662, 671 (Tex. Crim. App. 2023), and courts of appeals have limited mandamus jurisdiction. Tex. Gov't Code Ann. § 22.221(a), (b). A court of appeals may issue a writ of mandamus to enforce its jurisdiction or against a judge of a district, statutory county, statutory probate county, or county court within its district. *Id.* Assuming that a relator seeks relief against a proper party, he must meet two requirements to be entitled to mandamus relief. First, he must show that he has no adequate remedy at law. *In re Borunda*, 528 S.W.3d 149, 152 (Tex. App.—El Paso 2017, orig. proceeding) (citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013)). Second, he must show that what he seeks to compel is a ministerial act. *Id.*

---

[2] Relator quotes from this Court's 2023 opinion dismissing Relator's second attempt at a direct appeal of his aggravated kidnapping charge. *Downs v. State*, No, 08-23-00275-CR, 2023 WL 8441347 at *2 (Tex. App.—El Paso Dec. 5, 2023, original proceeding) (not designated for publication) ("We conclude we do not have jurisdiction to hear a second appeal from Appellant's 2009 judgment of conviction for aggravated kidnapping."). He also quotes at length to the Court of Criminal Appeals' 1991 opinion *Ater v. Eighth Court of Appeals*, and states that he seeks mandamus relief against "the Court of Appeals." 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (conditionally granting mandamus relief and ordering the Eighth Court of Appeals to withdraw an order improperly granting post-conviction habeas relief in a mandamus proceeding because the Court of Criminal Appeals has exclusive jurisdiction over post-conviction felony proceedings). To the extent that Relator is attempting to seek mandamus relief against this Court for our 2023 opinion, we lack jurisdiction over the relief requested. That authority is vested in the Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 4.04(a) (providing that the Court of Criminal Appeals has the authority to issue a writ of mandamus in a criminal matter); *see also Alvarez v. Eighth Court of Appeals of Texas*, 977 S.W.2d 590, 592 (Tex. Crim. App. 1998) (en banc) (reviewing a petition for writ of mandamus seeking to compel the Eighth Court of Appeals to withdraw a judgment).

To the extent that Relator has complained about the actions of Mr. Johnson and Mr. Reynolds, this Court does not have jurisdiction under § 22.221(b) to issue a writ of mandamus against either party. Tex. Gov't Code Ann. § 22.221(a). Nor has Relator shown that either party has interfered with this Court's jurisdiction such that mandamus is a proper remedy. *Id.* § 22.221(b).

To the extent that Relator seeks post-conviction relief, we also lack jurisdiction. Relator's only remedy for post-conviction relief is by habeas corpus, not mandamus. *See* Tex. Code. Crim. Proc. Ann. art. 11.07; *see also Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (en banc) (holding that the Court of Criminal Appeals has exclusive jurisdiction to grant post-conviction relief pursuant to Article 11.07).

Finally, to the extent that Relator's petition complains about the sufficiency of the evidence or the submission of the charge to the jury, such complaints are properly raised on direct appeal and mandamus is an inappropriate remedy. *See, e.g.*, *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (reviewing the sufficiency of the evidence as defined by a hypothetically correct jury charge on direct appeal); *see, e.g.*, *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (reviewing allegation of jury charge error on direct appeal). Accordingly, we do not have jurisdiction to grant the relief Relator requests. The petition for writ of mandamus is denied.


GINA M. PALAFOX, Justice

June 27, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)