Mildred SIMPSON, Surviving Spouse of Kenneth Earl Simpson, Deceased and Benny Simpson, Administrator of the Estate of Kenneth Earl Simpson, Deceased, Relators,

v.

Charles F. MORGAN, Justice of the Peace of Liberty County, Texas, Respondent.

No. 09–89–214 CV.

Court of Appeals of Texas, Beaumont.

Oct. 19, 1989.

John E. Sherman, Houston, for relators.

E.R. Norwood, Liberty, for respondent.

## OPINION

BROOKSHIRE, Justice.

Application for writ of mandamus.

Kenneth Earl Simpson died in a city jail cell on March 16, 1988. The Relators are the surviving spouse and the Administrator of the Estate of the Deceased, Mr. Simpson. The death certificate reflects that the immediate cause of death was asphyxia, which, in turn, was due to or as a consequence of trauma to the neck. The cause of the death, in a box on the Certificate of Death, entitled "Acc. Suicide, Hom., Undet. or Pending Invest. (Specify)", is filled in with the words "Pending Invest.–DA".

The Relators base this original proceeding for writ of mandamus on *TEX.CODE CRIM.PROC.ANN. Art. 49.04(a)(1)* (Vernon Supp.1989). Relators maintain that this article mandates that:

"(a) A justice of the peace shall conduct an inquest into the death of a person who dies in the county served by the justice if:

"(1) the person dies in prison or in jail".

The relief asked for is a writ of mandamus to a Justice of the Peace, Charles F. Morgan, in whose precinct Kenneth Earl Simpson died while in the Cleveland City Jail. Relators allege that Morgan failed and refused to conduct an inquest at least as to the extent required by law.

*TEX. CONST. art. V, sec. 6,* (1981, amended 1988), entitled "Courts of Appeals; terms of Justices, clerks", provides that:

"Said Courts [The Courts of Appeals] shall have such other jurisdiction, original and appellate, as may be prescribed by law."

Said *art. V, sec. 6* further provides:

"Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law...."

The proceeding before us is an original proceeding. *TEX. GOV'T CODE ANN. sec. 22.221(b)* "Writ Power" (Vernon 1988), provides:

"(b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district or county court in the court of appeals district."

In an original proceeding, asking for a writ of mandamus, we decide we do not have writ of mandamus power in relationship to a justice of the peace, nor may we issue a writ of mandamus to a justice of the peace.

We hold that *TEX. GOV'T CODE ANN. sec. 22.221(a)(b)* (Vernon 1988) deprives us of jurisdiction and we are, therefore, prohibited from issuing a writ of mandamus against or to a justice of the peace.

This original proceeding is dismissed for want of jurisdiction.

DISMISSED.