**Michael EASTON, Relator,**

v.

**The Honorable Gary C. FRANKS, Justice of the Peace, Precinct 3, Fort Bend County, Texas, Respondent.**

**No. 01–92–01068–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1992.

Michael Easton, Houston, for relator.

W.D. Heimbrook, Richmond, for respondent.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

PER CURIAM.

Relator, Michael Easton seeks the issuance of a writ of mandamus compelling the respondent, Gary Franks, Justice of the Peace, Precinct 3, Fort Bend County, Texas to grant relator's motion to transfer the underlying litigation.

Relator asserts that on August 11, 1992 he filed suit in district court in Harris County, Texas concerning a dispute over the title to real property. On September 28, the defendant in the district court action initiated an eviction proceeding against the relator in the respondent's court. On October 16, 1992, the district judge signed an order enjoining the defendant from prosecuting the eviction proceeding. Relator further contends that he filed with the justice court a motion to transfer the case, presumably to the district court. On October 19, 1992, the respondent called the eviction proceeding for trial, but continued the case until November when he was shown the district judge's injunctive order.

We must address whether this Court has jurisdiction to issue a writ of mandamus to a justice of the peace.

Article V, section 6 of the Texas Constitution defines the jurisdiction of the Court of Appeals:

[The] Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law.... Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

Section 22.221(a), (b) of the Texas Government Code governs the Court of Appeals' jurisdiction to issue writs of mandamus:

(a) Each court of appeals ... may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

(b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, *against a judge of a district or county court* in the court of appeals district.

TEX.GOV'T CODE ANN. § 22.221(a), (b) (Vernon 1988) (emphasis added). This Court's power to issue a writ of mandamus under section 22.221(a) is not an issue because relator does not contend that the respondent has interfered with this Court's jurisdiction. The question is whether we may issue a writ of mandamus under section 22.221(b) to a justice of the peace.

We hold that we may not.

First, section 22.221(b) expressly limits this Court's jurisdiction to issuing writs "against a judge of a district or county court in the court of appeals district." The statute does not expressly authorize this Court to issue writs of mandamus against a justice of the peace. *Simpson v. Morgan*, 779 S.W.2d 509, 510 (Tex.App.—Beaumont 1989, orig. proceeding). Second, the district and county courts have the power to issue writs to enforce their jurisdiction. TEX.GOV'T CODE ANN. §§ 24.011, 25.0004 (Vernon 1988). Thus, if respondent interferes with the district court's jurisdiction over a pending case, the relator's remedy

would be to seek a writ from the district court.

Accordingly, we dismiss this original proceeding for want of jurisdiction.