IN THE
TENTH COURT OF APPEALS
 

No. 10-01-187-CV

IN RE M.S. CARRIERS, INC.
AND ANTONIO GONZALEZ
 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Respondent, the Honorable David Pareya, Justice of the Peace for Precinct No. 3, McLennan
County, is conducting an inquest regarding the death of a Department of Public Safety trooper who
died from injuries sustained when his car collided with a semi owned by Relator M. S. Carriers,
Inc. and operated by Relator Antonio Gonzalez, an employee of M. S. Carriers. In accordance
with federal regulations, M. S. Carriers required Gonzalez to provide a urine specimen to be
analyzed for certain prohibited substances. Respondent issued a subpoena in connection with the
inquest proceeding to obtain a portion of the specimen. Pursuant to the subpoena, a DPS
laboratory technician took possession of the specimen and transported it to a DPS laboratory in
Austin for independent testing. Relators seek a writ of mandamus from this Court compelling
Respondent to return the specimen or to deposit the specimen with an appropriate agency for
safekeeping without conducting the contemplated additional testing.
Â Â Â Â Â Â Section 22.221(b) of the Government Code prescribes the bounds of our mandamus
jurisdiction. See Tex. Gov. Code Ann. Â§ 22.221(b) (Vernon Supp. 2001). According to section
22.221(b), this Court has jurisdiction to issue writs of mandamus against the judges of the district
and county courts in this district and against a district judge acting as a magistrate in a court of
inquiry under chapter 52 of the Code of Criminal Procedure. Id. Our mandamus jurisdiction does
not extend to the justice courts. See Easton v. Franks, 842 S.W.2d 772, 773 (Tex.
App.âHouston [1st Dist.] 1992, orig. proceeding); Simpson v. Morgan, 779 S.W.2d 509, 510
(Tex. App.âBeaumont 1989, orig. proceeding).
Â Â Â Â Â Â Accordingly, we dismiss the petition for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAMÂ 
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Writ dismissed for want of jurisdiction
Opinion delivered and filed June 14, 2001
Do not publish



 and made efforts to keep the binding devices hidden from the jury at all
times.  We find that the trial court did not abuse its discretion in ordering Silvas
handcuffed and shackled throughout the trial.

We overrule SilvasÂs sole issue and affirm the
trial courtÂs judgment.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed January 3, 2007

Do
not publish

[CRPM]

Â 

Â