6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00181-CV


______________________________





IN RE: TROY E. HOLT








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Grant and Ross, JJ.




O P I N I O N


 Troy E. Holt, relator, seeks the issuance of a writ of mandamus compelling the respondent,
Gibson L. Hadaway, Justice of the Peace, Precinct 1, Place 2, Bowie County, Texas, to issue citation
and process on the Secretary of State and to conduct a hearing and render a decision regarding Holt's
motion to take judicial notice of certain provisions of the Texas Civil Practice and Remedies Code.

 Holt asserts that, on August 6, 2002, he filed suit in the justice court of Bowie County
concerning the allegedly deceptive trade practices of RMF Enterprises, a resident (according to Holt's
original petition) of the State of Washington. He claims the justice court has refused to forward a
copy of the plaintiff's original petition to the Texas Secretary of State for service of process. On
October 31, 2002, Holt filed a petition for a writ of mandamus with the Bowie County Court at Law. 
That court denied Holt's petition for a writ of mandamus on November 20, 2002. He now seeks
redress in this Court.

 We must address whether we have jurisdiction to issue a writ of mandamus to a justice of
the peace. Our power to issue writs of mandamus is not of constitutional origin, but is instead a
creature of statute. A & T Consultants, Inc. v. Sharp, 904 S.W.2d 668, 685 (Tex. 1995) (Hecht, J. 
dissenting). Section 22.221(a), (b) of the Texas Government Code governs our jurisdiction to grant
mandamus relief:

(a) Each court of appeals or a justice of a court of appeals may issue a writ of
mandamus and all other writs necessary to enforce the jurisdiction of the court.



 Each court of appeals may issue all writs of mandamus agreeable to the principles
of law regulating those writs, against a:



 judge of a district or county court in the court of appeals district; or



 judge of a district court who is acting as a magistrate at a court of inquiry
under Chapter 52, Code of Criminal Procedure, in the court of appeals
district.



Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon Supp. 2003). Holt's petition for a writ of
mandamus does not allege that the justice court's conduct affects the jurisdiction of the court of
appeals. Contrast Tex. Capital Bank-Westwood v. Johnson, 864 S.W.2d 186, 189 (Tex.
App.-Texarkana 1993, no writ) (appellate court may issue writ against district court that acts to
interfere with appellate court's jurisdiction). Therefore, this Court's power to issue a writ of
mandamus under Section 22.221(a) is not at issue. The question remaining is whether we may issue
a writ of mandamus pursuant to Section 22.221(b) to a justice of the peace.

 "[S]ection 22.221(b) expressly limits this Court's jurisdiction to issuing writs against a judge
of a district court in the court of appeals district.' The statute does not expressly authorize this Court
to issue writs of mandamus against a justice of the peace." Easton v. Franks, 842 S.W.2d 772, 773
(Tex. App.-Houston [1st Dist] 1992, no writ). We lack jurisdiction to grant the requested relief. 
Accordingly, we dismiss the original proceeding for want of jurisdiction.

 BY THE COURT


Date Submitted: December 20, 2002

Date Decided: December 23, 2002



Do Not Publish



Exception Locked="false" UnhideWhenUsed="false" Name="Placeholder Text"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00060-CV

                                                ______________________________

 

 

                                                                  

 

                                           IN THE MATTER OF J.T.B.

 

                                                                  

 

 

                                                                                                  


 

 

                                        On Appeal from the 2nd Judicial District Court

                                                          Cherokee
County, Texas

                                                           Trial
Court No. J03-088

 

                                                       
                                           

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            J.T.B., a
juvenile, has filed a motion to dismiss his appeal.  His attorney states in the motion that
[c]ounsel has conferred with [J.T.B.] and his family who have agreed to this
dismissal.  We grant the motion and
dismiss the appeal.  See Tex. R. App. P. 42.1(a)(1).  

 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          September
27, 2010    

Date Decided:             September
28, 2010