In re Ya C. CHANG, Brinson D. Coffman, Joyce K. Hill, Tiffany M. Johnson, and Hope M. Hindt, Relators.

No. 01–04–01002–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 2004.

Christopher Michael Villasana, Houston, TX, for Appellant.

Horace Teague, Assistant City Attorney, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK, and Justices KEYES and ALCALA.

## OPINION

PER CURIAM.

Relators, Ya C. Chang, Brinson D. Coffman, Joyce K. Hill, Tiffany M. Johnson, and Hope M. Hindt, filed a petition for writ of mandamus in this Court complaining of respondent, the Honorable Fad Wilson, Jr., Judge, Municipal Court No. 2, Houston, Harris County. Relators request that we order respondent to:

> remove each defendant's case from the jury trial docket, provide each defendant with a copy of the complaint, and reschedule each case to a pre-trial hearing not less than seventeen (17) days to, at the very least, arraign each defendant and to allow each defendant to file pleadings and raise exceptions to the form or substance of the complaint; . . . .

This Court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). We have no authority to issue a writ of mandamus against a municipal court judge unless it is necessary to enforce our jurisdiction. *See Easton v. Franks*, 842 S.W.2d 772, 773 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding) (holding this Court lacked jurisdiction under statute to issue writ of mandamus against justice of the peace). Relators do not argue that issuance of the writ is necessary to enforce this Court's jurisdiction.

The petition for writ of mandamus is dismissed for lack of jurisdiction.