Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed May
14, 2009








Petition
for Writ of Mandamus Dismissed and Memorandum Opinion filed May 14, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00417-CR

____________

 

IN RE ERIC ROLLINS, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

On May
6, 2009, relator, Eric Rollins, filed a petition for writ of mandamus in this
Court.  See Tex. Gov=t Code Ann '22.221 (Vernon 2004); see also Tex. R. App. P. 52.1. 
In his petition, relator requests that we compel the respondent, the Honorable
Glenn Chaney, Municipal Court Judge of the City of Webster, to either recuse
himself or refer relator=s motion to recuse to the Presiding Judge of the Second
Administrative Judicial District in accordance with Rule 18a of the Texas Rules
of Civil Procedure.  See Tex. R. Civ. P. 18a (providing procedure for
cases in which party files motion to recuse trial judge).  








Section
22.221 of the Texas Government Code governs this court=s mandamus jurisdiction.  Tex. Gov=t Code Ann. ' 22.221.  Section 22.221 expressly
limits a court of appeals= mandamus jurisdiction to (1) writs against a judge of a
district or county court in the court of appeals= district, and (2) all writs
necessary to enforce its jurisdiction.  Tex. Gov=t Code Ann. ' 22.221(b).  Because Judge Chaney is
a municipal court judge, not a district or county court judge, we have no
authority to issue a writ of mandamus against him unless it is necessary to
enforce our jurisdiction.  In re Chang, 176 S.W.3d 451, 452 (Tex. App.CHouston [1st Dist.] 2004, orig.
proceeding) (holding court of appeals did not have authority to issue writ of
mandamus against municipal court judge unless necessary to enforce its
jurisdiction); In re Gonzalez, 04-08-00652-CR, 2008 WL 4425907, at *1
(Tex. App.CSan Antonio Oct. 1, 2008, orig. proceeding) (mem. op.) (same).  Relator
has not shown that the exercise of our mandamus authority against Judge Chaney
is necessary to enforce our jurisdiction.  Therefore, we have no authority to
issue a writ of mandamus against Judge Chaney.  

Accordingly,
relator=s petition for writ of mandamus is
ordered dismissed for lack of jurisdiction.

 

PER
CURIAM

 

Panel consists of Justices Anderson,
Guzman, and Frost. 

Do Not PublishCTex. R. App. P. 47.2(b).