Petition for Writ of Mandamus Dismissed and
Memorandum Opinion filed April 15, 2010

 

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00285-CV



 

In Re Allen Roy Miller,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



 

MEMORANDUM
 OPINION

            On
April
1, 2010,
relator, Allen Roy Miller,
filed a petition for writ of mandamus in this Court.  See Tex. Gov’t
Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the
petition, relator asks this Court to compel the respondent, Loren Jackson,
Harris County District Clerk, to issue citation and serve the defendants in the
underlying suit filed by relator.

A court of appeals has no general writ power over a
person—other than a judge of a district or county court—unless issuance of the
writ is necessary to enforce the court’s jurisdiction.  See Tex. Gov’t
Code Ann. § 22.221.  A court of appeals has no jurisdiction to issue a writ of
mandamus against a district clerk unless necessary to enforce our
jurisdiction.  In re Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston
[1st Dist.] 1999, orig. proceeding).  Relator has not shown that a writ of
mandamus directed to the district clerk is necessary to enforce our
jurisdiction.  Therefore, we do not have jurisdiction to issue a writ of
mandamus against the district clerk.  See In re Dunn, 120 S.W.3d 913
(Tex. App.—Texarkana 2003, orig. proceeding) (holding court of appeals did not
have jurisdiction to issue writ of mandamus to compel district clerk to issue
citation).[1] 


Accordingly, relator’s petition for writ of mandamus
is dismissed for lack of jurisdiction.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Brown, Sullivan, and Christopher.

Do Not Publish—Tex. R. App. P. 47.2(b).

 









[1]
We note, however, that the district courts have the power to issue writs to
enforce their jurisdiction.  Tex. Gov’t Code Ann. § 24.011 (Vernon 2004); Easton
v. Franks, 842 S.W.2d 772, 773–74 (Tex. App.—Houston [1st Dist.] 1992,
orig. proceeding).