NO. 07-11-00458-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 22, 2011

IN RE SMITH, RELATORS

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

In this original proceeding, relators Mark Smith, Sandra Smith and Kory Smith have filed a petition for writ of mandamus against respondent the Honorable Tali Jackson, Justice of the Peace, Precinct 2, Floyd County, Texas.[1] Relators also filed a motion for temporary relief,[2] which we denied. We will dismiss relators' petition for want of jurisdiction.

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." Tex. Const. art. V, § 6. Section 22.221 of the Texas Government Code authorizes a court of appeals to

---

[1] In their petition, relators ask us to order Judge Jackson to set a case for jury trial; to recognize and enforce an agreement under Rule of Civil Procedure 11; to vacate a trial setting; to grant an evidentiary motion; and to take certain actions as to an attorney appearing in the case.

[2] Tex. R. App. P. 52.10.

issue writs of mandamus necessary to enforce its jurisdiction or against a judge of a district or county court in the court of appeals' district. Tex. Gov't Code Ann. § 22.221(a),(b) (West 2004).

Here, relators do not argue nor have they shown that the relief their petition seeks is necessary to enforce our jurisdiction. And we lack independent authority to issue a writ of mandamus against a justice of the peace. *In re Elliott,* 01-09-0714-CV, 2009 Tex. App. Lexis 6468, *1-2 (Tex.App.--Houston [1st Dist.] Aug. 20, 2009, orig. proceeding) (per curiam, mem. op.) (citing *Easton v. Franks,* 842 S.W.2d 772, 773-74 (Tex.App.--Houston [1st Dist.] 1992, orig. proceeding) (per curiam)). In the proceeding *In re Eddington,* the relator sought a writ of mandamus directing the justice of the peace "to rescind certain orders, allow reasonable discovery in the underlying forfeiture proceeding, conduct a hearing on her motion to suppress, and if still necessary, set the matter for a jury trial." *In re Eddington,* 12-11-0265-CV, 2011 Tex. App. Lexis 7187, at *1 (Tex.App.--Tyler Sept. 1, 2011, orig. proceeding) (mem. op.). In its analysis, the court explained a court of appeals has "no jurisdiction to issue a writ of mandamus against a justice of the peace unless the writ is necessary to enforce [its] jurisdiction." *Id.* Finding no showing that the requested relief was necessary to enforce its jurisdiction, the court denied the petition. *Id. See also In re Pruitt,* 05-11-1526-CV, 2011 Tex. App. Lexis 9105, at *1 (Tex.App.--Dallas Nov. 16, 2011, orig. proceeding) (mem. op.) ("This Court does not have mandamus jurisdiction over the justice of the peace") (citing Tex. Gov't Code Ann. § 22.221 (West 2004); *In re Spencer,* No. 05-11-00636-CV, 2011 Tex. App. Lexis, at *1 (Tex.App.--Dallas June 2, 2011, orig. proceeding) (mem. op.); *Casner v. Rosas,* 943 S.W.2d 937, 938 (Tex.App.--El Paso

1997, orig. proceeding) (per curiam); *Easton,* 842 S.W.2d at 773); *In re Rowell,* 2000 Tex. App. Lexis 7948, at *2 (Tex.App.--Amarillo Nov. 27, 2000, orig. proceeding) (per curiam, mem. op., not designated for publication) (holding appellate court lacked jurisdiction to issue writ of mandamus against justice of the peace because no authority exists for court of appeals to issue writ of mandamus against officials other than those specified by statute).

Accordingly, we dismiss relators' petition for want of jurisdiction.

Per Curiam