

# NUMBER 13-12-00372-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ALBERT F. HAARMANN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion Per Curiam[1]**

On June 7, 2012, relator, Albert F. Haarmann, proceeding pro se, filed a petition for writ of mandamus seeking to challenge the actions of the Honorable Harris Blanchette, Justice of the Peace for Precinct Two in San Jacinto County, Texas. The petition for writ of mandamus alleges that Judge Blanchette has refused to provide relator with legible copies of three "initial appearance/bail setting/magistrates warnings"

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

which were heard on January 11, 2006.  We dismiss the petition for writ of mandamus for want of jurisdiction.[2]

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law."  TEX. CONST. art. V, § 6.  This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004).  This section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court."  *See id.* § 22.221(a).  The section expressly limits the mandamus jurisdiction of the courts of appeals to writs of mandamus issued against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district."  *See id.* § 22.221(b).

Under the express provisions of the government code, a justice of the peace is not one of the individuals over whom we have mandamus jurisdiction.  *See id.; In re Smith*, 355 S.W.3d 901, 901–02 (Tex. App.—Amarillo 2011, orig. proceeding) (per curiam); *Casner v. Rosas*, 943 S.W.2d 937, 938 (Tex. App.—El Paso 1997, orig. proceeding) (per curiam); *Easton v. Franks*, 842 S.W.2d 772, 773–74 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam)).  Further, the matters at issue in this original proceeding arise from San Jacinto County.  San Jacinto County is not located within this Court's district.  *See* TEX. GOV'T CODE ANN. § 22.201(n) (West Supp.

---

[2] Relator filed an "application for leave to file petition for writ of mandamus" along with his petition for writ of mandamus.  We dismiss relator's application for leave to file the petition for writ of mandamus as moot.  The Texas Rules of Appellate Procedure no longer require the relator to file a motion or application for leave to file an original proceeding.  *See generally* TEX. R. APP. P. 52, cmt. to 1997 revision.

2011) (listing the counties that comprise the Thirteenth Court of Appeals District); *id.* 22.201(j) (West Supp. 2011) (stating that San Jacinto County is in the Ninth Court of Appeals District). Accordingly, we do not have jurisdiction to grant the requested relief. *See id.* § 22.221(b).

As stated previously, we also have the statutory authority to issue all writs necessary to enforce our jurisdiction. *See id.* § 22.221(a); *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 n.3 (Tex. App.—El Paso 2009, orig. proceeding). However, relator has neither argued nor shown that his requested relief is necessary to enforce the jurisdiction of this Court. Thus, relator has not invoked our jurisdiction over the matters herein. *See* TEX. GOV'T CODE ANN. § 22.221(a).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that it lacks jurisdiction over this matter. We dismiss the petition for writ of mandamus for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of June, 2012.

3