

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-17-00425-CV
_____

IN RE TIMOTHY PATRICK LEE, RELATOR

ORIGINAL PROCEEDING

December 14, 2017

# MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

On November 13, 2017, Timothy Patrick Lee, an inmate proceeding *pro se,* filed a petition for writ of mandamus seeking to compel the "Lubbock Municipal Court" to rule on his motion to suppress, motion to release seized property, and motion to dismiss.[1]  By letter dated November 14, this court advised Lee that the required filing fee of $155 did not accompany the filing of his petition.  We directed him to pay the required filing fee or, in lieu thereof, to comply with chapter 14 of the Texas Civil Practice and Remedies Code

---

[1] We have liberally construed the letter Lee filed on November 13, 2017, as a petition for writ of mandamus despite his failure to provide the contents required by Rule 52.3 of the Texas Rules of Appellate Procedure.

by filing a statement of inability to afford payment of court costs, a separate affidavit relating to previous filings, and a certified copy of his inmate trust account statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). We further advised that if he did not comply by November 27, this proceeding was subject to dismissal without further notice. To date, Lee has neither paid the filing fee nor provided any of the required chapter 14 documents.

Unless a party is excused from paying a filing fee, the clerk of this court is required to collect filing fees set by statute or the Supreme Court when an item is presented for filing. *See* TEX. R. APP. P. 5, 12.1(b). An inmate who files an affidavit or declaration of inability to pay costs in an appeal or original proceeding must also comply with chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). An inmate's failure to comply with chapter 14 is grounds for dismissal of the appeal or original proceeding. *See In re Johnson*, No. 07-16-00354-CV, 2016 Tex. App. LEXIS 11841, at *2 (Tex. App.—Amarillo Nov. 1, 2016, orig. proceeding) (mem. op.) (per curiam) (dismissing inmate's petition for writ of mandamus for failure to pay the filing fee or submit the materials required to proceed under chapter 14).

Because Lee has failed to pay the filing fee or comply with chapter 14 of the Texas Civil Practice and Remedies Code within the time provided by this court for compliance, we must dismiss this original proceeding. We also note that this court's mandamus jurisdiction is limited to writs against a district court judge or county court judge in our district and all writs necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2017). We do not have authority to issue writs of mandamus against a municipal court judge unless it is necessary to enforce our jurisdiction. *See In*

*re Chang,* 176 S.W.3d 451, 452 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (per curiam). *See also Thompson v. Velasquez*, 155 S.W.3d 551, 554 (Tex. App.—San Antonio 2004, no pet.) (holding that district courts have general mandamus jurisdiction over municipal courts).

Accordingly, Lee's original proceeding is dismissed.

Per Curiam