**Opinion filed February 21, 2020**



### In The

# Eleventh Court of Appeals

_____

## No. 11-20-00049-CR

_____

## IN RE BILLY CHARLES WILKINS

### Original Mandamus Proceeding

### M E M O R A N D U M   O P I N I O N

Relator, Billy Charles Wilkins, filed this original petition for writ of mandamus in which he requests that we instruct the Justice of the Peace for Precinct No. 4 in Brown County to dismiss an arrest warrant that was issued on June 13, 1995, in Cause Number 4226.

Article V, section 6 of the Texas Constitution, which delineates the appellate jurisdiction of the intermediate courts of appeals, provides that the courts of appeals have original jurisdiction as prescribed by law. TEX. CONST. art. V, § 6. Section 22.221(a) of the Government Code authorizes this court to issue a writ of mandamus in order to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2019). We may also issue a writ of mandamus against "a judge of a district, statutory county, statutory probate county, or county court"; "a judge of a

district court who is acting as a magistrate at a court of inquiry"; or "an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code," so long as those judges are in our district. *Id.* § 22.221(b).

Relator's petition seeks mandamus relief against a justice of the peace. We do not have jurisdiction to issue a writ of mandamus against a justice of the peace. *Easton v. Franks*, 842 S.W.2d 772, 773 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam); *see also In re Garcia*, No. 13-18-00651-CV, 2018 WL 6219254, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 28, 2018, orig. proceeding) (mem. op.). Further, Relator's petition does not demonstrate that the relief that he requests is necessary to enforce our appellate jurisdiction. *See In re Smith*, 355 S.W.3d 901, 901–02 (Tex. App.—Amarillo 2011, orig. proceeding) (per curiam) (holding that the court of appeals did not have jurisdiction to issue writ of mandamus against justice of the peace where relators did not argue or show that writ was necessary to enforce the court's jurisdiction).

Therefore, we dismiss the petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

February 21, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.