**Opinion filed January 29, 2021**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-21-00012-CR & 11-21-00013-CR

_____

## IN RE KEVIN EARL SCOTT

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, Kevin Earl Scott, filed these original petitions for writ of mandamus in which he requests that we instruct the Honorable Don Gosnell, presiding judge of the City of Cross Plains Municipal Court, to transmit Relator's notice of appeal to this court and to make a finding as to Relator's indigency and that we instruct the clerk of the City of Cross Plains Municipal Court to transmit to Relator all responses required by Article 2.21 of the Texas Code of Criminal Procedure.  Attached to Relator's petitions for writ of mandamus is a copy of a notice of appeal filed in the municipal court in which Relator states that he is appealing Judge Gosnell's denial of Relator's "Motion for Time Served and Affidavit of Indigency" in two different cases.

This court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2020). Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to (1) writs against a judge of a district or county court in the court of appeals' district, (2) writs against a district judge acting as a magistrate in a court of inquiry in the court of appeals' district, and (3) writs necessary to enforce the court of appeals' jurisdiction. *Id.* We have no authority to issue a writ of mandamus against a municipal court judge or a municipal court clerk unless it is necessary to enforce our jurisdiction. *See In re Chang*, 176 S.W.3d 451, 452 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (per curiam); *see also In re Minfee*, No. 04-12-00421-CV, 2012 WL 3025953, at *1 (Tex. App.—San Antonio July 18, 2012, orig. proceeding) (per curiam) (mem. op.) ("Thus, this court has no authority to issue a writ of mandamus against a municipal court judge or municipal court clerk unless it is necessary to enforce our jurisdiction.").

A judgment or conviction in a municipal court may be appealed to the appropriate county court in the county in which the municipality is located. *See* TEX. CODE CRIM. PROC. ANN. § 4.08 (West 2015), § 45.042(a) (West 2018); *Schinzing v. State*, 234 S.W.3d 208, 211 (Tex. App.—Waco 2007, no pet.). Because any notice of appeal from Judge Gosnell's rulings must be filed in the county court of Callahan County rather than this court, none of the relief requested by Relator is necessary to protect this court's jurisdiction.

We dismiss the petitions for writ of mandamus for lack of jurisdiction.


January 29, 2021                                        PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.