

# NUMBER 13-23-00411-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KATHERINE TIFFANY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

Relator Katherine Tiffany filed a petition for writ of mandamus through which she asserts that the Honorable Lucy Rubio, Justice of the Peace, Precinct 1, Place 3, lacked jurisdiction to render judgment in a forcible detainer proceeding. Tiffany asserts that: (1) the justice of the peace lacked jurisdiction to adjudicate possession because the case involved a widow's homestead life estate; (2) the justice of the peace lacked jurisdiction

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

to adjudicate title to the property at issue; and (3) the justice of the peace failed to consider extrinsic evidence regarding Tiffany's marital status as it related to her interest in the relevant property.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). However, when a trial court issues an order "beyond its jurisdiction," mandamus is proper because such an order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Custom Home Builders of Cent. Tex. Inc.*, 647 S.W.3d 419, 421 (Tex. App.—San Antonio 2021, orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs

2

of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b), (c).

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that we lack jurisdiction over Tiffany's requested relief. In short, we have no authority to issue a writ of mandamus against a justice of the peace unless it is necessary to enforce our appellate jurisdiction. *See id.*; *In re Resendez*, 501 S.W.3d 680, 681 (Tex. App.—San Antonio 2016, orig. proceeding) (per curiam); *In re Smith*, 355 S.W.3d 901, 901 (Tex. App.—Amarillo 2011, orig. proceeding) (per curiam); *Casner v. Rosas*, 943 S.W.2d 937, 938 (Tex. App.—El Paso 1997, orig. proceeding) (per curiam). Based on the record presented, mandamus is not necessary to enforce our jurisdiction over a pending appeal. Further, relator has not identified any other statute that might provide this Court with original jurisdiction over the matters presented in this original proceeding. Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

JAIME TIJERINA
Justice

Delivered and filed on the
26th day of September, 2023.