# NO. 12-24-00291-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *LARRY MARK KALMOWITZ,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

Larry Mark Kalmowitz, acting pro se, filed this original proceeding to challenge the denial of his affidavit of inability to pay by Respondent, the Honorable Cass Callaway, sitting by assignment in the City of Mineola Municipal Court.[1]

"Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2024). An appellate court "may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district." *Id*. § 22.221(b). Additionally, an appellate court may issue all writs of mandamus against: (1) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or (2) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge. *Id*. § 22.221(c). But we lack authority to issue a writ of mandamus against a municipal court judge unless it is necessary to enforce our jurisdiction. *In re Chang*, 176 S.W.3d 451, 452 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (per

---

[1] The mandamus record before us does not clearly reveal the identity of any Real Party in Interest.

curiam); *see **In re Lee**,* No. 07-17-00425-CV, 2017 WL 6459544, at *1 (Tex. App.—Amarillo Dec. 14, 2017, orig. proceeding) (per curiam) (mem. op.); ***In re Stokes***, No. 02-14-00288-CV, 2014 WL 5035547, at *1 (Tex. App.—Fort Worth Sept. 17, 2014, orig. proceeding) (per curiam) (mem. op.).

In the present case, Relator has not shown that mandamus relief is necessary to enforce this Court's jurisdiction. Nor does this Court foresee how the denial of an affidavit of inability to pay by a municipal court judge would impact this Court's jurisdiction. Accordingly, we conclude that we lack jurisdiction over this original proceeding. We ***dismiss*** the petition for writ of mandamus for ***want of jurisdiction***. All pending motions are ***overruled as moot***.

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-24-00291-CV**

**LARRY MARK KALMOWITZ,**
Relator
V.

**HON. JUDGE CASS CALLAWAY,**
Respondent

---

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Larry Mark Kalmowitz; who is the relator in appellate cause number 12-24-00281-CV and a party to trial court cause number 2024-477, pending on the docket of the City of Mineola Municipal Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on September 30, 2024, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED, and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*