

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00367-CV

Pearl **BENAVIDES** and Crystal Torres,
Appellants

v.

Susanne DEITER, Guardian,
Appellee

From the County Court, Bexar County, Texas
Trial Court No. 21E2502036
Honorable Veronica Vasquez, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: July 9, 2025

DISMISSED

This is an appeal in a forcible detainer case. Appellee Susanne Deiter, guardian of Minerva Castillo, filed a suit for possession of Minerva's real property, alleging appellants Pearl Benavides and Crystal Torres were in violation of a temporary injunction enjoining them from having access to the property. On April 29, 2025, the justice court entered a default judgment in favor of Appellee. A writ of possession was issued on May 23, 2005. Appellants attempted to appeal this case to the probate court as it was ancillary to a guardianship proceeding and the

probate court had issued the temporary injunction excluding them from the property. The probate court dismissed the appeal for lack of jurisdiction. Appellants now appeal to this court seeking a reversal of the default judgment, an emergency stay of the writ of execution and a restraining order against Appellee.

Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located, and, on appeal, to county courts for a trial de novo. *See* Tex. Gov't Code Ann. § 27.031; Tex. R. Civ. P. 510.9. The appropriate manner for Appellants to challenge the validity of the justice court's judgment is to appeal the judgment to the county court. *See Town of Anthony v. Lopez*, 661 S.W.3d 667, 670 (Tex. App.—El Paso 2023, no pet.); *Savage v. Ivey*, 658 S.W.3d 883 (Tex. App.--El Paso 2022); *see also* Tex. R. Civ. P. 510.9 (for specific requirements for appeal). We, therefore, ordered Appellants to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellants responded, asking us to consider the appeal pursuant to our original jurisdiction. *See* TEX. GOV'T CODE § 22.221. However, we have no authority to issue a writ of mandamus against a justice of the peace unless it is necessary to enforce our appellate jurisdiction. *See id.*; *In re Resendez*, 501 S.W.3d 680, 681 (Tex. App.—San Antonio 2016, orig. proceeding); *In re Smith*, 355 S.W.3d 901 (Tex. App.—Amarillo 2011, orig. proceeding). Based on the record presented, mandamus is not necessary to enforce our jurisdiction over a pending appeal. Further, Appellant has not identified any other statute that might provide this court with original jurisdiction over the matters presented. Accordingly, we do not have jurisdiction to consider this appeal under either our appellate or original jurisdiction.

The appeal is, therefore, dismissed for lack of jurisdiction.

PER CURIAM