# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00599-CV

**In re Gabriel Sanchez**

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of the justice court's order denying relator's special appearance, plea in abatement, and motion to show cause in the underlying matter. We lack jurisdiction to issue a writ of mandamus against a justice of the peace or justice court unless it is necessary to preserve our jurisdiction. *See* Tex. Gov't Code § 22.221 (writ power of court of appeals); *Twenty First Century Holdings, Inc. v. Precision Geothermal Drilling, L.L.C.*, No. 03-13-00081-CV, 2015 WL 1882267, at \*6 (Tex. App.—Austin Apr. 23, 2015, no pet.) (mem. op.) (citing *Mullins v. Holt*, No. 10–13–00114–CV, 2013 WL 2257151 (Tex. App.—Waco May 9, 2013, no pet.) (mem. op.) (court of appeals has no jurisdiction to issue writ against judge of justice court unless necessary to preserve jurisdiction); *Rodriguez v. Womack*, No. 14–10–01213–CV, 2012 WL 19659 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, pet. denied) (mem. op.) (noting court of appeals' lack of jurisdiction to issue writ against justice court). Relator does not argue or show that a writ of mandamus is necessary to preserve our jurisdiction in this case. Therefore, we lack jurisdiction to issue the requested

writ. *See In re Smith*, 355 S.W.3d 901, 901–02 (Tex. App.—Amarillo 2011, orig. proceeding) (per curiam) (where appellants did not argue or show writ was necessary to preserve jurisdiction, appellate court lacked jurisdiction to issue writ against justice of peace).

Accordingly, the petition is dismissed for want of jurisdiction.[1]

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly and Theofanis

Filed:   August 19, 2025

---

[1] The caption of relator's petition names as respondent "HON. EVELYN MCLEAN, Judge, Justice Court, Pct. 3, Williamson County, Texas," but the body of the petition twice refers to the respondent as "Justice Court, Precinct 3, Tarrant County," which, if true, would constitute an independent ground for dismissal as Tarrant County is not within our district. *Compare* Tex. Gov't Code § 22.221(d) (listing twenty-four counties in Third Court's district), with *id.* § 22.201(c) (including Tarrant County in list of counties in Second Court's district).  From context, including the documents attached in relator's appendix, it appears that the Williamson County justice court is the correct respondent and that the references to Tarrant County are mere errata.