# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-26-00078-CV

### In re Ijeoma A. Ejem

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of the justice court's alleged refusal to dispose of pending motions at the time judgment was rendered in the underlying matter.  We lack jurisdiction to issue a writ of mandamus against a justice of the peace or justice court unless it is necessary to preserve our jurisdiction.  *See* Tex. Gov't Code § 22.221 (writ power of court of appeals); *Twenty First Century Holdings, Inc. v. Precision Geothermal Drilling, L.L.C.*, No. 03-13-00081-CV, 2015 WL 1882267, at *6 (Tex. App.—Austin Apr. 23, 2015, no pet.) (mem. op.) (citing *Mullins v. Holt*, No. 10–13–00114–CV, 2013 WL 2257151 (Tex. App.—Waco May 9, 2013, no pet.)) (mem. op.) (court of appeals has no jurisdiction to issue writ against judge of justice court unless necessary to preserve jurisdiction); *Rodriguez v. Womack*, No. 14–10–01213–CV, 2012 WL 19659 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, pet. denied) (mem. op.) (noting court of appeals' lack of jurisdiction to issue writ against justice court).  Relator does not argue or show that a writ of

mandamus is necessary to preserve our jurisdiction in this case. Therefore, we lack jurisdiction to issue the requested writ. *See In re Smith*, 355 S.W.3d 901, 901–02 (Tex. App.—Amarillo 2011, orig. proceeding) (per curiam) (where appellants did not argue or show writ was necessary to preserve jurisdiction, appellate court lacked jurisdiction to issue writ against justice of peace).

Accordingly, the petition is dismissed for want of jurisdiction.

 

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Filed:   January 29, 2026