# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00144-CV

## In re David Darwish

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of an allegedly improper sanctions motion pending before the justice court. We lack jurisdiction to issue a writ of mandamus against a justice of the peace or justice court unless it is necessary to preserve our jurisdiction. *See* Tex. Gov't Code § 22.221 (writ power of court of appeals); *In re Goad*, No. 03-23-00387-CV, 2023 WL 4604672 (Tex. App.—Austin July 18, 2023, orig. proceeding) (mem. op.) (citing *Twenty First Century Holdings, Inc. v. Precision Geothermal Drilling, L.L.C.*, No. 03-13-00081-CV, 2015 WL 1882267, at *6 (Tex. App.—Austin Apr. 23, 2015, no pet.) (mem. op.) (court of appeals has no jurisdiction to issue writ of mandamus against judge of justice court unless necessary to preserve jurisdiction); *Rodriguez v. Womack*, No. 14–10–01213–CV, 2012 WL 19659 (Tex. App.–Houston [14th Dist.] Jan. 5, 2012, pet. denied) (mem. op.) (noting court of appeals' lack of jurisdiction to issue mandamus against justice court). Relator does not argue or show that a writ of mandamus is necessary to preserve our jurisdiction in this matter. Therefore, we lack jurisdiction to issue a writ of mandamus against the justice

court in this case. *See In re Smith*, 355 S.W.3d 901, 901–02 (Tex. App.–Amarillo 2011, orig. proceeding) (per curiam) (where appellants did not argue or show writ was necessary to preserve jurisdiction, appellate court lacked jurisdiction to issue writ of mandamus against justice of peace).

Having reviewed the petition and the record provided, we dismiss the petition for want of jurisdiction. See Tex. R. App. P. 52.8(a).

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Filed:   February 11, 2026