# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00345-CV

**In re David Disraeli**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of the justice court's allegedly improper failure to enforce an arbitration provision in the underlying matter. We lack jurisdiction to issue a writ of mandamus against a justice of the peace or justice court unless it is necessary to preserve our jurisdiction. *See* Tex. Gov't Code § 22.221 (writ power of court of appeals); *In re Goad*, No. 03-23-00387-CV, 2023 WL 4604672 (Tex. App.—Austin July 18, 2023, orig. proceeding) (mem. op.) (citing *Twenty First Century Holdings, Inc. v. Precision Geothermal Drilling, L.L.C.*, No. 03-13-00081-CV, 2015 WL 1882267, at *6 (Tex. App.—Austin Apr. 23, 2015, no pet.) (mem. op.) (court of appeals has no jurisdiction to issue writ of mandamus against judge of justice court unless necessary to preserve jurisdiction); *Rodriguez v. Womack*, No. 14–10–01213–CV, 2012 WL 19659 (Tex. App.–Houston [14th Dist.] Jan. 5, 2012, pet. denied) (mem. op.) (noting court of appeals' lack of jurisdiction to issue mandamus against justice court). Relator does not argue or show that a writ of mandamus is necessary to preserve our jurisdiction in this matter. Therefore, we lack jurisdiction to issue a

writ of mandamus against the justice court in this case.  *See In re Smith*, 355 S.W.3d 901, 901–02 (Tex. App.–Amarillo 2011, orig. proceeding) (per curiam) (where appellants did not argue or show writ was necessary to preserve jurisdiction, appellate court lacked jurisdiction to issue writ of mandamus against justice of peace).

Having reviewed the petition and the record provided, we dismiss the petition for want of jurisdiction and dismiss pending motions as moot.  *See* Tex. R. App. P. 52.8(a).

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Ellis

Filed:   April 22, 2026