

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

_____

## No. 08-26-00217-CR
_____

### In re Devoris Antoine Newson, Relator

## AN ORIGINAL PROCEEDING IN MANDAMUS

## MEMORANDUM OPINION

Relator Devoris Antoine Newson, representing himself, filed a petition for writ of mandamus asking us to compel David A. Bonilla, presiding judge of the El Paso Municipal Court, to rule on Newson's motion to dismiss citation number 33692942-TR-23-92010—allegedly pending in Municipal Court No. 3[1]—for failure to prosecute.

Our mandamus jurisdiction is limited to writs that are necessary to enforce our jurisdiction or a writ that is against a judge of a district, statutory county, statutory probate county, or county court in our district; a judge of a district court who is acting as a magistrate at a court of inquiry

---

[1] The record provided by Newson includes only his motion to dismiss for failure to prosecute and a letter from the municipal court acknowledging receipt of a request to obtain credit for time served on an outstanding warrant order. These documents do not establish that citation number 33692942-TR-23-92010 is currently pending. *See* Tex. R. App. P. 52.7(a) (providing that mandamus petition must be accompanied by a record that includes "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced").

under Code of Criminal Procedure Chapter 52 in our district; or an associate judge of a district or county court appointed by a judge in our district under Family Code Chapter 201. *See* Tex. Gov't Code § 22.221(a), (b), (c).

We do not have authority to issue a writ of mandamus against a municipal court judge unless it is necessary to enforce our jurisdiction. *In re Gomez*, No. 04-19-00019-CR, 2019 WL 286085, at *1 (Tex. App.—San Antonio Jan. 23, 2019, orig. proceeding) (mem. op.) (per curiam); *In re Chang*, 176 S.W.3d 451, 452 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (per curiam); *see also Thompson v. Velasquez*, 155 S.W.3d 551, 554 (Tex. App.—San Antonio 2004, no pet.) (holding that district courts have general mandamus jurisdiction over municipal courts).

Newson neither contends that a writ of mandamus is necessary to enforce our jurisdiction nor states facts that would support such a contention, i.e., that a related appeal is currently before us. *See In re McCoy*, No. 12-26-00040-CV, 2026 WL 308267, at *1 (Tex. App.—Tyler Feb. 4, 2026, orig. proceeding) (mem. op.) ("There is no related appeal pending in [the court of appeals] and any appeal from the municipal court must first proceed to the applicable county court or county court at law; thus, a writ of mandamus is not necessary to enforce [the court of appeals'] jurisdiction." (citing *In re Scott*, No. 11-21-00012-CR, 2021 WL 307307, at *1 (Tex. App.—Eastland Jan. 29, 2021, orig. proceeding) (mem. op., not designated for publication) (per curiam)).

Accordingly, we dismiss the petition for lack of jurisdiction.

LISA J. SOTO, Justice

June 9, 2026

Before Palafox and Soto, JJ., and Benavides, J. (Senior Judge)
Benavides, J. (Senior Judge), sitting by assignment

(Do Not Publish)

2