

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00256-CV

Robert **KOEPKE**,
Appellant

v.

**TEXAS STATE SENATE** and Texas House of Representatives,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-25237
Honorable Martha Tanner, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Liza A. Rodriguez, Justice
                Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: July 31, 2023

AFFIRMED

Robert Koepke appeals the trial court's order, which granted the plea to jurisdiction filed by the Texas State Senate and Texas House of Representatives (collectively "the Legislature") and dismissed his petition for writ of mandamus. We affirm.

On December 9, 2021, Koepke filed in the trial court a petition for writ of mandamus, complaining that the Legislature had violated the United States and Texas Constitutions. Koepke's complaints in his petition stemmed from various COVID-19 related emergency orders and

---

[1]Sitting by assignment pursuant to section 74.003(b) of the Texas Government Code

legislation, which he argued violated civil liberties. He also sought "a full independent audit of the 2020 general election." In his live petition, he requested that the Legislature

> be compelled to uphold the Constitution of Texas that they swore to uphold and defend against all enemies, foreign and domestic; The Texas State Legislature be compelled to perform within the duties vested in them to enforce and uphold the Constitution of the state of Texas by immediately conducting a full independent forensic audit of the 2020 general election (including down-ballot races); this court nullify fraudulent election results (Daniels v. Mack 2020. Orange County Circuit Court – judge overturned fraudulent election); issue a return to hand-counted paper ballots; order the return of CARES act, America Rescue Plan, and CSLFRF funds; and prevent any federal, state, or local – public or private – entity within the jurisdiction and or operating in state of Texas compelling citizens of Texas directly or indirectly to participate in health care data collection, health care services, biometric surveillance, and force to provide healthcare information by mandamus from this court.

In response to Koepke's petition, the Legislature filed a plea to the jurisdiction, arguing that his petition was barred by sovereign and legislative immunity. The trial court granted the plea to the jurisdiction and dismissed Koepke's petition.

On appeal, Koepke argues the trial court erred in dismissing his petition because the Legislature "waived immunity from liability and suit both retrospectively and prospectively." He further argues that he "maintains constitutional standing—not only as a petitioner for mandamus relief, but as an injured plaintiff in a lawsuit where immediate dangers continue to threaten harm against [him]." He argues that he met the elements necessary for writ of mandamus.

In response to Koepke's brief, the Legislature points out that "[i]nstead of identifying a waiver of sovereign immunity, [Koepke] seemingly challenges the very existence of sovereign immunity." Further, the Legislature argues that Koepke "cannot rely on the *ultra vires* exception to sovereign immunity because he has failed to allege the necessary elements of a mandamus claim." That is, the Legislature contends that his "claims do not implicate this Court's enforcement of its jurisdiction, except insofar as the judicial branch lacks jurisdiction to compel the legislative branch to pass or rewrite specific laws." "Nor do [Koepke's] claims seek to compel the

performance of purely ministerial acts." The Legislature emphasizes that "the lawmaking [Koepke] seeks to compel necessarily requires [and] involves discretionary decision-making by lawmakers." The Legislature further argues that Koepke's claims are barred by legislative immunity, as Koepke "seeks to compel the Legislature to pass laws he favors," which "falls squarely within the sphere of legislative activity and matters of general concern protected by legislative immunity." We agree with the Legislature.

Mandamus proceedings are subject to sovereign immunity. *See League v. De Young*, 2 Tex. 497, 500, (1847), *aff'd*, 52 U.S. 185 (1850) (explaining that "mandamus is not a process that can be resorted to against a state, without her consent"). Sovereign immunity deprives a trial court of subject-matter jurisdiction over an action against the state unless the party suing the state establishes "the state's consent, which may be alleged either by reference to a statute or to express legislative permission." *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Koepke has not pointed to a statute that waives sovereign immunity for his mandamus proceeding.

Pursuant to article V, section 8 of the Texas Constitution, along with section 24.011 of the Texas Government Code, a district court "has mandamus jurisdiction only to enforce its own jurisdiction." *Williams v. Davis*, 628 S.W.3d 946, 952 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *see* TEX. CONST. art V, § 8 ("District court judges shall have the power to issue writs necessary to enforce their jurisdiction."); TEX. GOV'T CODE § 24.011 ("A judge of a district court may, either in termtime or vacation, grant writs of mandamus . . . necessary to the enforcement of the court's jurisdiction"). In his petition, Koepke requested that the trial court compel the Legislature to enact legislation favored by Koepke. However, his requested relief does not implicate the trial court's mandamus jurisdiction. *See Thompson v. Velasquez*, 155 S.W.3d 551, 553 (Tex. App.—San Antonio 2004, no pet.); *Morath v. Tex. Taxpayer & Student Fairness Coalition*, 490 S.W.3d 826, 887 (Tex. 2016) (Guzman, J., concurring) (explaining that the

Legislature has "great discretion" in passing laws and that the court has the authority to "review, but not rewrite the Legislature's enactments").

Further, we note the *ultra vires* exception to sovereign immunity does not apply in this case. "To fall within this *ultra vires* exception, a suit . . . must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). "'Ministerial acts' are those 'where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'" *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018) (quoting *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015)). "Conversely, 'discretionary acts' are those that 'require the exercise of judgment and personal deliberation.'" *Id.* (quoting *Sw. Bell Tel.*, 459 S.W.3d at 587). Koepke's petition does not complain that individual legislators are failing to perform purely ministerial acts. Instead, his complaints center on legislation relating to the pandemic and the resulting election—legislation that necessarily involved the exercise of discretion by legislators. *See In re Nestle USA*, 387 S.W.3d 610, 623 (Tex. 2012) (holding that "the Legislature must have discretion in structuring tax laws"); *Moore v. Bell*, 95 Tex. 151, 157, 66 S.W. 45, 48 (1902) ("The discretion which is thus placed in the Legislature is beyond judicial control, so long as the law is confined to the subject matter and the purpose for which the constitution authorized it to be enacted"). Koepke thus has made no showing that the *ultra vires* exception to sovereign immunity applies in this case.

In addition to sovereign immunity, legislative immunity also applies. "Texas and federal courts have recognized that individuals acting in a legislative capacity are immune from liability for those actions." *In re Perry*, 60 S.W.3d 857, 859 (Tex. 2001) (orig. proceeding). "An action is legislative in nature when it reflects a discretionary, policymaking decision of general application, rather than an individualized decision based upon particular facts." *Id.* at 860. "No act is more

fundamentally legislative than lawmaking itself." *Id*. Legislative immunity "shields individual legislators from litigation challenging the *substance* of a decision." *Hays Cty. v. Hays Cty. Water Planning P'ship*, 69 S.W.3d 253, 260 (Tex. App.—Austin 2002, no pet.) (emphasis in original). Koepke's complaints in his petition challenge the substance of the Legislature's lawmaking; his complaints relate to discretionary, policymaking decisions of general application. Accordingly, legislative immunity also bars the requested relief sought by Koepke.

For the above reasons, we hold the trial court did not err in granting the Legislature's plea to the jurisdiction and dismissing Koepke's petition.[2]

Liza A. Rodriguez, Justice

---

[2]We note that in his brief, Koepke complains that the Texas e-file system refused to permit him to file his original petition for writ of mandamus in the Texas Supreme Court and instead forced him to file his petition in the trial court. This complaint is not preserved for appellate review. *See* TEX. R. APP. P. 33.1.